## H. A. HESS AND ANOTHER, APPELLANTS, v. MARGARET WHITE, ADMINISTRATRIX, RESPONDENT.

CONSTITUTIONAL LAW.—JURY TRIAL.—UNANIMITY OF VERDICT.— The provisions of the Utah Statute permitting a verdict of a jury in civil cases upon the concurrence of nine members of the jury, is not in conflict with Article 7 of Amendments to the Constitution providing that in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. Hon. Charles S. Zane, judge. The opinion state the facts, except that there be several appeals involving this question, all the judges sat together.

*Messrs. Richard H. Cabell* and *Messrs. Ritchie and Ritchie,* for the appellants.

Section 17 of the organic act and section 1891 of the

Revised Statutes of the United States extend the Constitution over the Territory of Utah. Section 6 of the organic act provides "that the legislative power of said Territory (Utah) shall extend to all rightful subjects of legislation consistent with the Constitution of the United States, and the provisions of this act." This includes the seventh amendment.

The words trial by jury as used therein mean trial by jury as it was understood at the adoption of the Constitution. Miller on Constitution, 492. This amendment extends over the District of Columbia (*Callan* v. *Wilson*, 127 U. S. 540) and the territories. *Reynolds* v. *United States*, 98 U. S. 145; *Webster* v. *Reid*, 11 How. 437; *Hornbuckle* v. *Toombs*, 18 Wall. 655. The words trial by jury in the Constitution mean a jury which renders a unanimous verdict. *Kleinschmidt* v. *Dunphy*, 1 Montana, 130; *Aylesworth* v. *Reece*, 1 Montana, 200; *Cruger* v. *Hudson River R. Co.*, 12 N. Y. 198; *Cancemi* v. *People*, 18 N. Y. 128; *May* v. *Railroad Co.*, 3 Wis. 219; 10 Bacon's Abr. 306, 315; 9 Id. 564; *Carpenter* v. *State*, 34 Am. Dec. 116; *Kent* v. *Perkins*, 36 Ohio St. 639; *Hill* v. *People*, 16 Mich. 355. See, also, Thompson & M. on Juries, 6; *State* v. *Cox*, 8 Ark. 436; *Work* v. *State*, 2 Ohio St. 296; *Brazier* v. *State*, 44 Ala. 387; *Turns* v. *Comm.*, 6 Metc. 224; *Lamb* v. *Lane*, 4 Ohio St. 167; *People* v. *Kennedy*, 2 Park. Cr. R. 312; *Byrd* v. *State*, 1 How. (Miss.) 163; *Redus* v. *Wofford*, 4 Smed. and M. 579; *State* v. *McClear*, 11 Nev. 39; *Smith* v. *Railroad Co.*, 25 Ohio St. 91; *Gibson* v. *State*, 16 Fla. 291; *Wynchamer* v. *Cooper*, 13 N. Y. 378.

A state legislature has no power, in the absence of constitutional authority, to pass an act fixing the number of the jury at less than twelve in cases civil or criminal, nor to provide that a number of the jury, less than the whole number, can render a verdict in any case where the Constitution gives to the party a right to a trial by jury. 41

New Hampshire, 550; Thompson and Merriam on Juries, 10; *Norval* v. *Rice,* 2 Wis. 23; *May* v. *Milwaukee, etc., R. Co.,* 3 Wis. 219; *Work* v. *State,* 2 Ohio St. 296; *Vaugh* v. *Scade,* 30 Mo. 600; *Foster* v. *Kirby,* 31 Mo. 496; *Allen* v. *State,* 51 Ga. 264; *Hemming* v. *Hannibal, etc., R. Co.,* 35 Mo. 408; Miller on the Constitution of the United States, 491; *Maduska* v. *Thomas,* 6 Kan. 153; *Hill* v. *People,* 16 Mich. 351; *Com.* v. *Shaw,* 7 Am. Law Reg. 289; *Allen* v. *State,* 54 Ind. 461; *Dixon* v. *Richards,* 2 How. (Miss.) 771; *Bone* v. *McGinley,* 7 How. (Miss.) 671; *State* v. *Van Matre,* 49 Mo. 268; *State* v. *Meyers,* 68 Mo. 266.

A trial by jury secured to the citizen by the Constitution is a trial according to the course of the common law, and the same in substance as that which was in use when the Constitution was framed. On this point all of the decisions agree. 48 Am. Dec. (note) 186; *Reese* v. *Knott,* 3 Utah, 454, 455; Miller on the Constitution of the United States, 491; Opinion of Justices of Supreme Court, 41 N. H. 550.

As to the power of a territorial legislature to deprive a party of right of trial by jury, see *Graves* v. *Northern Pac. R. R. Co.,* 5 Mont. 556; *Webster* v. *Reid,* 11 How. U. S. 461.

If the legislature of a state cannot pass a law, in the absence of constitutional authority, denying or abridging the right of trial by jury it surely will not be said that a territorial legislature can do so in violation of an act of congress preserving to the citizen the right of trial by jury in cases cognizable at common law.

*Messrs. Richards, Moyle and Richards,* for the respondent.

PER CURIAM. This was an action at law, brought by the appellants against the respondent to recover upon a written guaranty to pay for goods sold and delivered to one Frances Brown. The guaranty was executed by the respondent's intestate. The cause was tried by a jury

regularly impaneled. After the jury had deliberated upon their verdict, they brought into court a verdict, signed by ten of their number, but two of the jury dissented from it, and refused to sign it. The appellants objected to the entry of judgment upon this verdict "because the verdict was rendered in a manner not authorized or warranted by the Constitution and laws of the United States applicable to the Territory of Utah, but contrary thereto, in that said verdict was not a unanimous verdict, but was agreed to by ten of said jurors only, and is therefore illegal, and of no effect." Judgment was entered upon the verdict, whereupon a motion for a new trial was made, and as ground therefor the same objection was urged. The motion for a new trial was overruled, and appeal taken to this court.

The sole question argued upon appeal is whether a verdict rendered by 10 out of the 12 jurors is legal under the Constitution and laws of the United States and under the laws of the Territory of Utah. The clause of the Constitution relied upon is the seventh article of amendments thereto: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The laws of the United States applicable are cited as follow: Section 17 of the organic act, which provides "that the Constitution and laws of the United States are hereby extended over and declared to be in force in said Territory of Utah, so far as the same, or any provision thereof, may be applicable." This section was approved September 9, 1850. Also section 1891 of the Revised Statutes of the United States, which enacts: "The Constitution and all laws of the United States, which are not locally inapplicable, shall have the same force and effect within all the organized territories, and in every territory hereafter organized, as elsewhere in the United States." Also there was an act in force April 7, 1874, which provided (18 Stat. 27) "that it shall not be

necessary in any of the courts of the several territories of the United States to exercise separately the common-law and chancery jurisdiction vested in said courts; and that the several codes and rules of practice adopted in said territories, respectively, in so far as they authorize a mingling of said jurisdictions, or a uniform course of proceeding in all cases, whether legal or equitable, be confirmed; and that all proceedings heretofore had or taken in said courts in conformity with said codes and rules of practice, so far as relates to the form and mode of proceeding, be, and the same are, hereby validated and confirmed: provided, that no party has been or shall be deprived of the right of trial by jury in cases cognizable at common law." At the time this last statute was passed there was a law of the territory of Montana which authorized the rendition of a verdict upon the concurrence of three-fourths of a jury. This law had been enacted in January, 1869.

The law of the Territory of Utah was passed under the grant of legislative power in the organic act, section 6 of which provides "that the legislative power of said Territory shall extend to all rightful subjects of legislation, consistent with the Constitution of the United States, and the provisions of this act," and that "all the laws passed by the legislative assembly and governor shall be submitted to the congress of the United States, and, if disapproved, shall be null, and of no effect." In pursuance of this grant of legislative power, section 493 of the Code of Civil Procedure, which is section 3371 of 2 Comp. Laws 1888, 286, in force August 1, 1884, provided: "When the jury have agreed upon their verdict, they must be conducted into court, their names called by the clerk, and the verdict rendered by their foreman. The verdict must be in writing, signed by the foreman, and must be read by the clerk to the jury, and

the inquiry made whether it is their verdict. If any juror disagrees, they must be sent out again; but, if no disagreement be expressed, and neither party requires the jury to be polled, the verdict is complete, and the jury discharged from the case. Either party may require the jury to be polled, which is done by the court or clerk asking each juror if it is his verdict. If any one answer in the negative, the jury must be sent out again. This statute had superseded section 174 of an act approved February 17, 1870, Comp. Laws 1876, 447, which provided: "When the verdict is given, which must be by unanimous agreement, except by the consent of the parties, it shall be read aloud," etc. In 1892 the legislature amended section 3371, *supra,* to read as follows: "In all civil cases a verdict may be rendered on the concurrence therein of nine or more members of the jury. When the jury have agreed upon their verdict, they must be conducted into court by their foreman. The verdict must be in writing, and signed by their foreman, if he is a concurring juror, and if he is not a concurring juror it must be signed by all the concurring members, and be read by the clerk to the jury, and the inquiry made whether it is their verdict, and the answer may be made by any juror signing the verdict. If more than three jurors dissent, they must be sent out again, but, if not more than three jurors dissent, and neither party requires the jury to be polled, the verdict is complete, and the jury discharged from the case. Either party may require the jury to be polled, which shall be done by the judge or clerk asking each juror if it is his verdict. If more than three answer in the negative, the jury must be sent out again." Laws Utah 1892, 46. It will be seen that until 1892 the statutes of the Territory by express enactment required the verdict of the jury to be unanimous. The original act of 1870 permitted this unanimity to be

waived by the consent of the parties, but the act of 1884 was silent upon such waiver.

It is apparent that the sole question here is whether the provision for a verdict by three-fourths of the jury in a civil case was a rightful subject of legislation consistent with the Constitution of the United States, providing that the right of trial by jury shall be preserved. In other words, do the words " trial by jury," as used in the seventh amendment of the Constitution, mean a jury which renders a verdict by the unanimous action of its 12 members? It may be remarked that unanimity of action was not considered a constituent part of trial by jury by the framers of the California Constitution of 1879, which provided in section 7, art. 1: "The right of trial by jury shall be secured to all, and remain inviolate; but in civil actions three-fourths of the jury may render a verdict." This is not preserving the right of trial by jury inviolate if a trial by jury in a civil action requires unanimous action by the members of the jury. At the time the amendments to the Constitution were proposed in the house of representatives by Mr. Madison, the original proposition applied to trial of crime the express qualification of unanimity for conviction, but did not apply the same to suits at common law. At that period unanimity of action on the part of the jury was not required in Scotland, and such a requisite had been strongly attacked in England by John Locke and Jeremy Bentham. Originally, unanimity of action had not been required, even by the common law of England. One of the qualifications of jurors at the time of the adoption of the Constitution was that they should be freeholders, yet this qualification has not been considered as a part of the trial by jury; but, if the words " trial by jury," as used in the seventh amendment, means a jury trial with all its accustomed requisites, it is difficult to see how the qualification as to freeholders could be changed. Upon this

question the supreme court of the United States has, so far as we have been referred, never passed. That court expressly declined to pass on the question in *Dunphy* v. *Kleinsmith*, 11 Wall. 610, where this precise question was involved in an appeal from the territory of Montana. We are aware that there are decisions in large number which affirm that a jury must consist of 12, and a very few that the action of the jury must be unanimous in civil cases. But we think the reasoning of the supreme court of the United States in the case of *Hurtado* v. *People*, 110 U. S. 516, 4 Sup. Ct. Rep. 111, 292, upon the phrase, "due process of law," is equally applicable to the case at bar. Mr. Justice Matthews said in that case: "The Constitution of the United States was ordained, it is true, by descendants of Englishmen, who inherited the traditions of English law and history; but it was made for an undefined and expanding future, and for a people gathered and to be gathered from many nations and of many tongues. And while we take just pride in the principles and institutions of the common law, we are not to forget that in lands where other systems of jurisprudence prevail the ideas and processes of civil justice are also not unknown. There is nothing in Magna Charta, rightly construed as a broad charter of public right and law, which ought to exclude the best ideas of all systems and of every age; and as it was the characteristic principle of the common law to draw its inspiration from every fountain of justice, we are not to assume that the sources of its supply have been exhausted. On the contrary, we should expect that the new and varied experiences of our own situation and system will mold and shape it into new and not less useful forms." And again: "Restraints that could be fastened upon executive authority with precision and detail might prove obstructive and injurious when imposed on the just and necessary discretion of legislative power; and while, in

every instance, laws that violated express and specific in-junctions and prohibitions might, without embarrassment, be judicially declared to be void, yet any general principle or maxim, founded on the essential nature of law, as a just and reasonable expression of the public will and of government, as instituted by popular consent and for the general good, can only be applied to cases coming clearly within the scope of its spirit and purpose, and not to leg-islative provisions merely establishing forms and methods of attainment.    Such regulations, to adopt a sentence of Burke's, may alter the mode and application, but have no power over the substance of original justice."

This reasoning, we believe, is decisive of the case. "Administrative and remedial proceedings must change, from time to time, with the advancement of legal science and the progress of society." *Rowan* v. *State*, 30 Wis. 129. One of the signs of progress is the provision for a verdict by three-fourths of a jury in a civil cause.    Wherever this provision has been tried, it has been found to be a distinct benefit.    Such a provision is simply a change in the pro-cedure of applying legal remedies.    It is general in its application; it is fair and just to all.    No man's property rights are injured by it, and no man can be said to have a vested right in the unanimous action of a jury any more than in the fact that a juror was anciently required to be a freeholder.    All litigants could waive in civil trials at common law and under our Constitution this unanimity of verdict.    If they could waive it, then it was not one of the requisites which must be preserved in order to preserve a jury trial in civil actions.    For these reasons, because society progresses, and modes and legal procedure must change with that progress, because this enactment is a "just and reasonable expression of the public will," because it is calculated to be a great benefit to all classes of liti-gants, because it reaches justly and fairly and impartially

all classes of men, because it is claimed only to be an infringement of a broad and general statement in the Constitution which ought not to be so narrowly construed as to be a bulwark against progress, we hold that this law was a rightful subject of legislation, and this judgment should be affirmed.

ZANE, C. J., and MINER, J., BARTCH, J., and SMITH, J., concurred.