THOMAS L. LEEDOM AND OTHERS, CO-PARTNERS, AS
  THOMAS L. LEEDOM & CO., RESPONDENTS, *v.*
  EARLS FURNITURE & CARPET COMPANY, A
  CORPORATION, AND I. A. BENTON, UNITED STATES
  MARSHAL FOR UTAH TERRITORY, APPELLANTS.[1]

1. CORPORATIONS.—REDUCTION OF CAPITAL STOCK.—CLAIM AND DE-
   LIVERY.—FRAUD.—EVIDENCE.—2 Comp. Laws 1888, § 2273, re-
   lating to the capital stock of corporations, provides that "such
   capital stock may be diminished by decreasing the par value
   of shares, the purchase and cancellation of shares or otherwise
   to any amount not less than twenty-five per cent. in excess of
   the indebtedness of the corporation." The defendant corpora-
   tion had been doing business with a capital stock of $100,000.
   On the 10th day of June, 1892, the capital stock was reduced
   to $25,000, at which date and continuously thereafter the lia-
   bilities exceeded the resources. Plaintiffs sold certain goods to
   the defendant company between the 10th day of July and the
   1st day of December, 1892. In an action of claim and deliv-
   ery to recover the goods, or their value, alleged to have been
   purchased by the defendant company when it was insolvent
   with intent to defraud, the court allowed the following inter-
   rogatories and answers to be read to the jury from a certain
   deposition over the objection of defendants that the same were
   incompetent and immaterial, to-wit: "Did the defendant com-
   pany ever inform you that on the 10th day of June, at an
   annual stockholders' meeting,    *    *    *    it was resolved
   that the sixth article of the articles of association of the com-
   pany was to be so amended as to read as follows: 'Article
   6. That the amount of capital stock of said corporation
   shall be $25,000, which shall be divided into shares
   of the face or par value of $25 each,' and that said
   resolution was duly filed with the secretary of the terri-
   tory?" *Answer:* "The defendant company did not inform
   us of the change in the articles of association, as set forth in
   this interrogatory." "Did the defendant ever inform you that

---

[1] Rehearing denied Dec. 9, 1895.

at all times between the 1st day of July, 1892, and the 1st day of December, 1892, that one E. was the owner of over 900 shares of the capital stock, and that such capital stock under the amended articles was fully paid?" *Answer:* "The defendant company did not inform us of the matter related in this interrogatory." *Held, not error,* since the issue joined was one of fraud, and in such a case a large latitude is always given to the admission of evidence.

2. CONSTITUTIONAL LAW.—JURY TRIAL.—UNANIMITY OF VERDICT.—It is not error for the court to receive a verdict of ten jurors and render judgment thereon. *Hess* v. *White,* 9 Utah, 761; *Publishing Co.* v. *Fisher,* 10 Utah, 147, followed.

(No. 596. Decided Nov. 6, 1895. 42 P. R. 208.)

APPEAL from the District Court of the Third Judicial District. Hon. George W. Bartch, *Judge.*

Action in claim and delivery by Thomas L. Leedom, Charles L. Leedom, Samuel Thomas and James W. Lynd, co-partners, etc., against the Earls Furniture and Carpet Company, a corporation, and I. A. Benton, United States marshal for Utah territory. From a judgment for plaintiffs, and from an order denying a new. trial, defendants appeal. *Affirmed.*

*Mr. J. G. Sutherland* and *Mr. Andrew Howat,* for appellants.

*Mr. James H. Moyle, Mr. Clesson S. Kinney* and *Messrs. Richards & Richards,* for respondents.

"In all investigations of questions involving fraud, the courts extend an exceptional liberality to the admission of evidence." 2 Rice on Ev. pp. 953–4; *Zerbe* v. *Miller,* 16 Pa. 488; *Hopkins* v. *Siebert,* 58 Mo. 201; *Stauffer* v. *Young,* 39 Pa. 455; *Castle* v. *Bullard,* 64 U. S. 424. "And a broad interpretation is to be afforded to all the rules of relevancy." 2 Rice on Ev. p. 953, see, also, p. 946;

*Smalley* v. *Hale,* 37 Mo. 102. Improper admission of evidence is harmless error where the judgment without such evidence must have been the same. *Rio Grande Ry. Co.* v. *Armendaiz,* 5 Tex. Civ. App. 449; *Morris* v. *Turner,* 5 Tex. Civ. App. 708; *Tollman* v. *Bowerman* (S. D.), 58 N. W. 568; *Balt. & O. R. Co.* v. *State Strunz* (Md.), 29 Atl. 518; *Bank* v. *Spooner* (Cal.), 36 Pac. 121; *Ins. Co.* v. *Frederick* (C. App. 8th C.), 7 C. C. A. 122. An objection to evidence as being "incompetent and immaterial" without pointing out any definite or specific defect therein is too general and does not raise the question that it is inadmissible under the pleadings. *Gaslight Co.* v. *Poore* (D. C. App.), 22 Wash. L. Rep. 249; *Merrick* v. *Hill,* 28 N. Y. Supp. 237; *Claflin* v. *N. Y. Stand. Watch Co.,* 28 N. Y. Supp. 42; *LeMesnager* v. *Hamilton,* 101 Cal. 532; *Ins. Co.* v. *Miller,* 60 Fed. Rep. 254. The concealment of insolvency, with no reasonable expectation of paying, renders a sale fraudulent and entitles the seller to possession of the property as against the purchaser or his voluntary assignee. *Morrow Shoe Mfg. Co.* v. *Shoe Co.,* 57 Fed. Rep. 685–693, affirmed in 60 Fed. Rep. 341; *Davis* v. *Stewart,* 8. Fed. Rep. 803.

We desire to call special attention to the case of *Donaldson* v. *Farwell, et al.,* 93 U. S. 631, where the court in the opinion said: "The doctrine is now established by a preponderance of authority that a party not intending to pay, who, as in this instance, induces the owner to sell him goods on credit *by fraudulently concealing his insolvency* and his intent not to pay for them, is guilty of a fraud which entitles the vendor, if no innocent third party has acquired an interest in them, to disaffirm the contract and recover the goods." See, also, cases cited in the opinion. *Byrd* v. *Hall,* 2 Keyes, 647; *Johnson* v. *Monell,* 2 Abb. App. Dec. 470; *Noble* v. *Adams,* 7 Taunt. 59; *Kilby* v. *Wilson,* Ryan & Moody, 178; *Bristol* v. *Wilsmore,* 1 Barn.

& C. 513; *Stewart* v. *Emerson,* 52 N. H. 301; 2 Rice on Ev. p. 958 and cases cited. Concealment of insolvency by a purchaser of goods, who obtains them without intending to pay for them, is fraud, and the property does not pass. *Durell* v. *Haly,* 1 Paige, 492; *Stewart* v. *Emerson,* 52 N. H. 301; *Chaffee* v. *Fort,* 2 Lans. 87. If the purchaser has no reasonable expectation of being able to pay, it is equivalent to an intention not to pay. *Talcott* v. *Henderson,* 31 Ohio St. 162; *Powell* v. *Bradley,* 9 Gill. and J. 220; *Johnson* v. *Monell, supra.* Where one who is insolvent, buys on credit, with the intention or proconceived design of not paying for what he buys, he is guilty of fraud and no title passes. *Ayers* v. *French,* 41 Conn. 142; *Ross* v. *Niner,* 35 N. W. 60; *Donaldson* v. *Farwell,* 93 U. S. 631; *Stewart* v. *Emerson,* 52 N. H. 301; *Burrill* v. *Stevens,* 73 Me. 395; *Mulliken* v. *Millar,* 12 R. I. 296; *Fox* v. *Webster,* 46 Mo. 181; *Peters* v. *Hiles,* 48 Md. 506, 512; *Shipman* v. *Seymour,* 40 Mich. 274; *Buckley* v. *Archer,* 21 Barb. 585; *Wright* v. *Brown,* 67 N. Y. 1; *Kline* v. *Baker,* 99 Mass. 253. The question of fraud in a court of law is a question of fact for the jury under the instructions of the court. *Warner* v. *Norton,* 20 How. 448; *Grigg* v. *Sayre,* 8 Pet. 244.

In the case at bar it was a question of fact for the jury whether the corporation purchased the goods with a fraudulent design not to pay for them, and the jury found that they did purchase them with that design. It is not within the province of the court to set the verdict of the jury aside in a case of fraud, unless it is clearly erroneous. See above cases cited, also: *Byrd* v. *Hall, supra; Hall* v. *Naylor,* 18 N. Y. 588; *Hennequin* v. *Naylor,* 24 N. Y. 139; *Buckley* v. *Archer,* 21 Barb. 585; *Johnson* v. *Monell, supra.* In reply to statement in appellants' brief that "the evidence introduced to show the fraudulent intent was entirely circumstantial" we answer, that circumstantial

evidence is sufficient, and in most cases is the only proof that can be adduced in cases of fraud. 2 Rice on Ev. p. 970, and cases cited; *Rea* v. *Missouri*, 84 U. S. 17; *Castle* v. *Bullard*, 23 How. 172; *Craig* v. *Fowler*; 59 Ia. 203; *Schuylkill R. R. Co.* v. *Monson*, 81 U. S. 442; *Schuchardt* v. *Allen*, 68 U. S. 359; *Pleasants* v. *Fant*, 89 U. S. 22; *Herbert* v. *Butler*, 97 U. S. 320; *County Com'rs* v. *Beal*, 113 U. S. 240. Circumstances may show that a concealment of insolvency by a purchaser of goods was fraudulent evincing an intent not to pay for them. *Fechheimer* v. *Baum*, 37 Fed. Rep. 167; *Johnson* v. *Bonnell, supra; Wright* v. *Brown, supra; Powell* v. *Bradley*, 9 Gill & J. 220; *Hal* v. *Naylor*, 6 Duer, 71; *Talcott* v. *Henderson*, 31 Ohio St. 163. The circumstances in this case show that the insolvent defendant company first fraudulently reduced their capital stock from $100,000 to $25,000 in order to make it fully paid up. Then for fear the reduction might not hold the stockholders shifted 944 shares of the 1,000 shares into the name of Benj. F. Earls, who was wholly insolvent.

SMITH, J.:

This is an action by the plaintiffs against the Earls Furniture & Carpet Company, a Utah corporation, and I. A. Benton, as United States marshal, for the recovery of certain goods sold to the defendant company during the summer and fall of 1892, alleging that when the defendant company purchased the goods it was insolvent, and purchased the goods with the intention at the time of the purchase not to pay for the same. The defendant I. A. Benton, United States marshal, who had taken the property under execution issued upon judgments by confession of the Earls Furniture & Carpet Company to John T. Ballard and J. A. Earls, filed his answer denying the allegation of fraud. This was the only question tried and

submitted to the jury. The jury returned a verdict against the defendants, and found that the plaintiffs were the owners and entitled to the possession of the property as described in the complaint, and also found that the value of said property was $731.63, and assessed the damage for its detention at $77.88.

The points relied upon for a reversal by the appellants may be divided in two groups; and for the purposes of this decision the first and second points relied upon may be considered together, and the third, fourth, and fifth may also be considered together. Taking up the first of these, it is claimed that the court erred in permitting to be read to the jury the twenty-third and twenty-fourth interrogatories of the deposition of James W. Lynd on behalf of the plaintiffs, and in overruling the defendants' objection thereto, and in permitting the answer to be read over the objection of the defendants thereto; the said interrogatories, the objections and answers thereto, being as follows: "Int. 23. Did the defendant company ever inform you that on the 10th day of June, at a special stockholders' meeting, duly called for the purpose, it was resolved that the sixth article of the articles of association of the company was to be so amended as to read as follows: 'Article 6. That the amount of the capital stock of said corporation shall be $25,000, which shall be divided into shares of the face or par value of $25 each;' and that said resolution amending article 6 was duly filed with the secretary of the territory on June 14, 1892?"—to which interrogatory the defendants objected on the ground that the same was immaterial and incompetent, which objection was overruled, and the answer thereto was read as follows, to wit: "The defendant company did not inform us of the change in the articles of association as set forth in this interrogatory." "Int. 24. Did the defendant company ever inform

12

you that at all times between the 1st day of July, 1892, and the 1st day of December, 1892, that one Benjamin F. Earls was the owner of over nine hundred (900) shares of the capital stock of said defendant corporation, and that said capital stock, under the said amended articles of incorporation, was fully paid?"—to which the defendants objected as being incompetent and immaterial, which objection was overruled by the court, and the answer to said interrogatory was read as follows, to wit: "The defendant company did not inform us of the matter related in this interrogatory."

The issue in this case was one of fraud in the purchase of the goods by the defendant corporation, the Earls Furniture & Carpet Company. The allegations of fraud are clearly sufficient to justify the introduction of the evidence complained of by the appellants. This allegation of fraud in plaintiff's complaint is as follows: "That the defendant corporation was insolvent at the time of said pretended purchases, and when the defendant company obtained possession of said goods; and the fact of such insolvency was well known to the officers and agents of said defendant corporation when they made said pretended purchases and received said goods. That said pretended purchases were made with the preconceived intention on the part of the defendant company and its officers and agents not to pay for said goods, or any part thereof, by reason of said defendant's insolvency and inability to meet its obligations, and for the purpose of cheating and defrauding this plaintiff of the purchase price of said goods. That the defendant corporation intentionally and fraudulently, and for the purpose of cheating and deceiving this plaintiff, and obtaining said goods without paying for the same, fraudulently suppressed and concealed from the plaintiff the fact that it was insolvent." This allegation was denied in the

answer, and upon this issue the respondents in the court below propounded the twenty-third and twenty-fourth interrogatories in question, and the court below permitted them to be answered as one link in the great chain of evidence tending to prove the fraud, that the defendants were insolvent at the time of the purchase of the goods, knew this fact, and that there was a definite intent upon their part not to pay for the goods. Upon this question, Mr. Rice, in his work on Evidence, says: "In all investigations of questions involved in fraud, the courts extend an exceptional liberality to the admission of evidence; and a broad interpretation is to be afforded on all rules of relevancy." 2 Rice, Ev. p. 953. See, also, *Zerbe* v. *Miller*, 16 Pa. St. 488; *Hopkins* v. *Sievert*, 58 Mo. 201; *Stauffer* v. *Young*, 39 Pa. St. 455; *Smalley* v. *Hale*, 37 Mo. 102. It was also said by Mr. Justice Strong in delivering an opinion in the Supreme Court of the United States in the case of *Butter* v. *Watkins*, 13 Wall. 456; "Actual fraud is always attended by an intent to defraud, and the intent may be shown by any evidence that has a tendency to persuade the mind of its existence. Hence, in actions for fraud, large latitude is always given to the admission of evidence." See, also, *Castle* v. *Bullard*, 23 How. 172; *Lincoln* v. *Claflin*, 7 Wall. 132; 1 Starkie, Ev. 58. Therefore the issue joined upon the allegation of fraud in the complaint and the answer thereto made the said interrogatories and answers thereto clearly relevant. Under the issue of fraud this evidence was clearly admissible as one of the circumstances tending to establish the fraud.

The third, fourth, and fifth points relied upon by the appellants for a reversal may be decided together, and were as follows: "That the court erred in instructing the jury that nine of their number might render a verdict, and in receiving as the verdict of the jury a verdict concurred in by only ten members of the jury; that the court

erred in rendering a judgment upon the verdict; and that the court erred in overruling the defendant's motion for a new trial because the verdict was rendered by ten members of the jury, received by the court, and judgment entered thereon." This question has been decided a number of times by this court that nine jurors could render a verdict in civil actions; that it was not an error for the court to receive such a verdict, and render judgment thereon. See *Hess* v. *White*, 9 Utah, 61, 33 Pac. 243; *Publishing Co.* v. *Fisher*, 10 Utah, 147, 37 Pac. 496. The judgment is affirmed.

MERRITT, C. J., and KING, J., concur.