## SPRINGVILLE *v.* THOMAS.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 103. Argued and submitted October 29, 1896. — Decided April 26, 1897.

# SALT LAKE CITY BREWING COMPANY *v.* FRED. W. WOLF COMPANY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 153. Submitted January 14, 1897. — Decided April 26, 1897.

## SALT LAKE CITY *v.* TUCKER.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 199. Submitted January 29, 1897. — Decided April 26, 1897.

The judgments in these cases are reversed on the authority of *American Publishing Co.* v. *Fisher, ante,* 464.

THE case is stated in the opinion.

*Mr. J. L. Rawlins* for plaintiff in error in No. 103.

*Mr. Parley L. Williams* for defendants in error in No. 103.

*Mr. William C. Hall* for plaintiff in error in No. 153.

*Mr. Parley L. Williams, Mr. Frank Pierce* and *Mr. Frank H. Scott* for defendant in error in No. 153.

*Mr. William McKay* and *Mr. D. B. Hempstead* for plaintiff in error in No. 199.

*Mr. William T. S. Curtis* for defendants in error in No. 199.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In these three cases judgments were entered on verdicts returned by less than the whole number of jurors, by which they

were tried. It has been decided by this court that the territorial act of March 10, 1892, permitting this to be done, Laws Utah, 1892, p. 46, was invalid, because in contravention of the Seventh Amendment to the Constitution and the act of Congress of April 7, 1874, 18 Stat. 27, c. 80. *American Publishing Co.* v. *Fisher, ante,* 464.

Exceptions to the course pursued were sufficiently preserved and the judgments must be reversed if this court has jurisdiction.

The amounts in controversy in each instance were not sufficient to give jurisdiction, and the inquiry is whether the validity of any statute of, or authority exercised under, the United States was drawn in question before the courts below. Act March 3, 1885, 23 Stat. 443, c. 355, § 2.

The Supreme Court of the Territory held in *Hess* v. *White,* 9 Utah, 61 (and the decision was followed in these cases), that the act of Congress of September 9, 1850, 9 Stat. 453, c. 51, § 6, the organic act of the Territory, vested in the territorial legislature such unlimited legislative power as enabled it to provide that unanimity of action on the part of jurors in civil cases was not necessary to a valid verdict. But defendants contended that the act of Congress as thus interpreted was in violation of the Seventh Amendment and the validity of the act was in that way drawn in question. In the view which the Supreme Court took of the act it was obliged to subject it to the test of the Constitution, and accordingly in deciding that the Seventh Amendment did not require unanimity of action, the court held in effect that the act of Congress was constitutional although it empowered the territorial legislature to provide for verdicts by less than the whole number of jurors. The question involved was not matter of construction of the territorial act, but the court discussed its validity, and this depended on the validity of the act of Congress giving it the scope which the court attributed to it.

In this there was error. In our opinion the Seventh Amendment secured unanimity in finding a verdict as an essential feature of trial by jury in common law cases, and the act of

Congress could not impart the power to change the constitutional rule, and could not be treated as attempting to do so.

These cases are exceptional, and, under the peculiar circumstances, we think jurisdiction may be maintained.

*Judgments reversed, and cases remanded to the Supreme Court of the State for further proceedings.*