ELMER MILLER *et al. v.* STATE.

No. A-32. Opinion Filed February 3, 1910.

(106 Pac. 810.)

1. **APPEAL—Jurisdiction—Assault and Battery.** In a prosecution for assault and battery before a probate court, an appeal may be taken from a judgment of conviction to the Criminal Court of Appeals of Oklahoma as the successor in criminal causes of the Supreme Court of Oklahoma Territory in the same manner as from the district court and with like effect when only questions of law are involved in the appeal.

2. **JURY—Right to Jury Trial—Constitutional Law.** The sixth amendment of the Constitution of the United States secures to the people of the territories the right to trial by a common-law jury in criminal prosecutions, and a person charged with having committed a misdemeanor prior to statehood has a constitutional right of trial by a jury composed of 12 persons.

3. **COURTS—Decisions of United States Supreme Court as Controlling.** In determining questions of federal cognizance, this court is bound by and will adopt and be governed by the rules of decision adjudicated in the Supreme Court of the United States.

(Syllabus by the Court.)

*Error from Probate Court, Kingfisher County; John M. Graham, Judge.*

Elmer Miller and another were convicted of assault and battery, and bring error. Reversed and remanded for a new trial.

*Wm. A. McCartney,* for plaintiffs in error.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen, for the State.

DOYLE, JUDGE. The plaintiffs in error were jointly prosecuted in the probate court of Kingfisher county, Okla. T., for the crime of assault and battery. The record recites that, when the case was called for trial, they moved the court for a jury composed of 12 persons to try the cause. Whereupon the court continued the case until the next term. On November 7, 1907, the case again called for trial, whereupon the defendants were asked

by the court if they demanded a trial by jury, to which request they and their ounsel stood mute and failed to demand a jury. Whereupon the court after hearing the evidence and argument of counsel, and being fully advised in the premises, found said defendants guilty and sentenced them to pay a fine of $25 each and costs, and to stand committed until said fines and costs are paid. Whereupon the defendants prayed an appeal and the court fixed the amount of the bail bond in the sum of $200, which bond was filed and approved and execution stayed, said appeal to be perfected in the time fixed by statute. On November 7, 1908, there was filed in this court their petition in error with transcript attached. On behalf of the state there was filed a motion to dismiss the appeal, which motion is as follows:

"Comes now the Attorney General for and upon behalf of the state of Oklahoma, and moves the court to dismiss the pretended appeal herein, and to strike the cause from its docket, for the reason that no appeal is in fact pending herein, in that no appeals lie from the probate courts of Oklahoma Territory to this court, in those matters where the probate court is in exercise only of its justice of the peace jurisdiction, so that this court is therefore without jurisdiction in the present case."

We are of opinion that the motion to dismiss is not well taken. Section 2235, Wilson's Rev. & Ann. St. 1903, giving justices of the peace jurisdiction in assault and battery cases, was repealed by section 4, art 1, c. 41, Sess. Laws 1895, being section 5305, Wilson's St., which provided:

"If the offense be a misdemeanor punishable by a fine of more than one hundred dollars, or by imprisonment for more than thirty days, or by both fine and imprisonment, it shall be prosecuted by information before the probate or district court."

Section 2234, Wilson's Rev. & Ann. St. 1903, provided:

"Assault, or assault and battery, shall be punishable by imprisonment in a county jail not exceeding thirty days, or by a fine of not less than five dollars or more than one hundred dollars, or both, at the discretion of the court."

Thus it will be seen that under the penalty prescribed by this provision justices of the peace had no jurisdiction in assault and battery cases under the territorial law; their jurisdic-

tion being limited to cases wherein the penalty prescribed does not exceed a fine of $100, or imprisonment in the county jail for 30 days. Section 1881, Wilson's Rev. & Ann. St. 1903, provided:

"Appeals from the final judgment of said probate courts shall be allowed and taken to the Supreme Court of this territory in the same manner as from the district court and with like effect when only questions of law are involved in the appeal."

The appeal in this case has been properly taken. The motion to dismiss is hereby overruled.

The record in this case presents but one question: Did the probate court have jurisdiction to impose the fines upon the accused, and to order them to be imprisoned until such fines were paid, the right to be tried by a common-law jury composed of 12 persons having been denied? Section 5158, Wilson's Rev. & Ann. St. 1903, provided:

"No person can be convicted of a public offense, unless by the verdict of a jury, accepted and recorded by the court, or upon a plea of guilty, or upon a judgment of a police or justice's court in cases in which such judgment may be lawfully given without the intervention of a jury."

The sixth amendment to the Constitution of the United States provides:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

Under this provision of the federal Constitution, the accused having refused to waive their right to a jury trial could only be tried by a common-law jury. Neither Congress nor the Territorial Legislature had the power to deprive one accused of a misdemeanor in Oklahoma Territory of a trial by a common-law jury. By a series of decisions it is the settled doctrine of the Supreme Court of the United States that the provisions of the federal Constitution relating to trial by jury in criminal prosecutions ap-

ply to the organized territories of the United States. These decisions are cited and quoted.

In the case of *Rasmussen v. United States*, 197 U. S. 516, 25 Sup. Ct. 514, 49 L. Ed. 862, Mr. Justice White, delivering the opinion of the court, said:

"This brings us to the second proposition, which is: (2) That even if Alaska was incorporated into the United States, as it was not an organized territory, therefore the provisions of the sixth amendment were not controlling on Congress when legislating for Alaska. We do not stop to demonstrate from original considerations the unsoundness of this contention and its irreconcilable conflict with the essential principles upon which our constitutional system of government rests. Nor do we think it is required to point out the inconsistency which would arise between various provisions of the Constitution if the proposition was admitted, or the extreme extension on the one hand and the undue limitation on the other of the powers of Congress which would be occasioned by conceding it. This is said, because in our opinion the unsoundness of the proposition is conclusively established by a long line of decisions. *Webster v. Reid*, 11 How. 437, 13 L. Ed. 761; *Reynolds v. United States*, 98 U. S. 145, 25 L. Ed. 244; *Callan v. Wilson*, 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223; *American Publishing Co. v. Fisher*, 166 U. S. 464, 17 Sup. Ct. 618, 41 L. Ed. 1079; *Springville v. Thomas*, 166 U. S. 707, 17 Sup. Ct. 717, 41 L. Ed. 1172; *Thompson v. Utah*, 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061; *Capital Traction Co. v. Hof*, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873; *Black v. Jackson*, 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801.

"The argument by which the decisive force of the cases just cited is sought to be escaped is that, as when the cases were decided there was legislation of Congress extending the Constitution to the District of Columbia or to the particular territory to which a case may have related, therefore the decisions must be taken to have proceeded alone upon the statutes and not upon the inherent application of the provisions of the fifth, sixth, and seventh amendments to the District of Columbia or to an incorporated territory; and, upon the assumption that the cases are distinguishable from the present one upon the basis just stated, the argument proceeds to insist that the sixth amendment does not apply to the territory of Alaska, because section 1891 of the

Revised Statutes only extends the Constitution to the organized territories, in which, it is urged, Alaska is not embraced. Whilst the premises as to the existence of legislation declaring the extension of the Constitution to the territories with' which the cases were respectively concerned is well founded, the conclusion drawn from that fact is not justified. Without attempting to examine in detail the opinions in the various cases, in our judgment it clearly results from them that they substantially rested upon the proposition that, where territory was a part of the United States, the inhabitants thereof were entitled to the guaranties of the' fifth, sixth, and seventh amendments, and that the act or acts of Con-. gress purporting to extend the Constitution were considered as declaratory merely of a result which existed independently by the inherent operation of the Constitution. It is true that in some of the opinions both the application of the Constitution and the statutory provisions declaring such application were referred to, but in others no reference to such statutes was made, and the cases proceeded upon a line of reasoning, leaving room for no other view than that the conclusion of the court was rested upon the self-operative application of the Constitution. *Springville v. Thomas,* 166 U. S. 707, 17 Sup. Ct. 717, 41 L. Ed. 1172; *Thompson v. Utah,* 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061; *Capital Traction Co. v. Hof,* 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873; *Black v. Jackson,* 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801.

"And this result of the cases will be made clear by a brief reference to some of the opinions. In *Thompson v. Utah,* considering a law of the state of Utah, which provided that a jury in a criminal cause should consist of only eight persons, the statute was held to be *ex post facto* and void in its application to felonies committed before the territory became a state, 'because in respect of such crimes the Constitution. of the United States gave the accused at the time of the commission of his offense the right to be tried by a jury of 12 persons, and made it impossible to deprive him of his liberty except by the unanimous verdict of such a jury.' In *Springville v. Thomas* it was contended that the territorial Legislature of Utah was empowered by Congress in the organic act of the territory to dispense with unanimity of the jurors in rendering a verdict in a civil case. The court said (page 708:) 'In our opinion the seventh amendment secured unanimity in finding a verdict as an essential feature of trial by jury in common-law cases, and the act of Congress could not im-

part the power to change the constitutional rule, and could not be treated as attempting to do so.' Again, in *Capital Traction Co. v. Hof*, 174 U. S. 1, [5, 19 Sup. Ct. 580, 582, 43 L. Ed. 873], no reference whatever being made to the statute of February 21, 1871, extending the provisions of the Constitution to the District of Columbia (16 Stat. 419), it was declared: 'It is beyond doubt at the present day that the provisions of the Constitution of the United States securing the right of trial by jury, whether in civil or criminal cases, are applicable to the District of Columbia.' And in *Black v. Jackson*, 177 U. S. 349 [363, 20 Sup. Ct. 648, 653, 44 L. Ed. 801], speaking of a law of the territory of Oklahoma, it was said: 'And it also fails to recognize the provisions of the seventh amendment securing the right of trial by jury in "suits at common law," where the value in controversy exceeds $20. That amendment, so far as it secures the right of trial by jury, applies to judicial proceedings in the territories of the United States. *Webster v. Reid*, 11 How. 437, 460 [13 L. Ed. 761]; *American Publishing Co. v. Fisher*, 166 U. S. 464, 466 [17 Sup. Ct. 618, 41 L. Ed. 1079]; *Springville v. Thomas*, 166 U. S. 707 [17 Sup. Ct. 717, 41 L. Ed. 1172]. So that a court of a territory authorized as Oklahoma was to pass laws not inconsistent with the Constitution of the United States (26 Stat. 81, 84, c. 182, par. 6) could not proceed in a "common-law" action as if it were a suit in equity and determine by mandatory injunction rights for the protection or enforcement of which there was a plain and adequate remedy at law according to the established distinctions between law and equity.'

"As it conclusively results from the foregoing considerations that the sixth amendment to the Constitution was applicable to Alaska, and as of course being applicable it was controlling upon Congress in legislating for Alaska, it follows that the provisions of the act of Congress under consideration depriving persons accused of a misdemeanor in Alaska of a right to trial by a common-law jury was repugnant to the Constitution, and void."

In *Thompson v. Utah*, *supra*, Mr. Justice Harlan says:

"But the wise men who framed the Constitution of the United States and the people who approved it were of opinion that life and liberty, when involved in criminal prosecution, would not be adequately secured except throught the unanimous verdict of 12 jurors. It was not for the state in respect of a crime committed within its limits while it was a territory to dispense with that guaranty simply because its people had reached the conclusion that the truth

could be as well ascertained, and the liberty of an accused be as well guarded, by 8 as by 12 jurors in a criminal case. It is said that the accused did not object, until after verdict, to a trial jury composed of 8 persons, and therefore he should not be heard to say that his trial before such a jury was in violation of his constitutional right. It is· sufficient· to say that it was not in the power of· one accused of felony by consent expressly given or by his ·silence to authorize a jury of only 8 persons to pass upon the question of his guilt. The law in force when this crime was committed did not permit any tribunal to deprive him of his liberty, except one constituted of a court and a jury of 12 persons."

And in *Callan v. Wilson, supra,* the same learned justice said:

"The third article of the Constitution provides for a jury in the trial of 'all crimes, except in cases of impeachment.' The word 'crime,' in its more extended sense, comprehends every violation of public law. In a limited sense it embraces offenses of a serious or atrocious character. In our opinion the provision is to be interpreted in the light of the principles which at common-law determined whether the accused in' a given class of cases was entitled to be tried by a jury. It is not to be construed as relating only to felonies or offenses punishable by confinement in the penitentiary. It embraces as well some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen. It would be a narrow construction of the Constitution to hold that no prosecution for a misdemeanor is a prosecution for a 'crime' within the meaning of the third article, or a 'criminal prosecution' within the meaning of the sixth amendment. And we do not think that the amendment was intended to supplant that part of the article which relates to trial by jury. There is no necessary conflict between them."

Mr. Justice Story says that the amendment, "in declaring that the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state or district wherein the crime shall have been committed (which district shall be previously ascertained by law), and to be informed of the nature and cause of the accusation, and to be confronted with the witnesses against him, does but follow out the established course of the common law in all trials for crimes." Story on the Constitution, § 1791.

In *Reynolds v. United States,* 98 U. S. 145, 154, 25 L. Ed. 244, it was taken for granted that the sixth amendment of the

Constitution secured to the people of the territories the right of trial by jury in criminal prosecutions.

It is argued on behalf of the state that "the law providing for a jury of six in the probate and justice's courts was not unconstitutional, in that a jury of 12 was provided for upon appeal to the district court"—citing the case of *Collier v. Territory*, 2 Okla. 444, 37 Pac. 819. The doctrine of the Collier Case was overruled by the Supreme Court of Oklahoma Territory in the case of *Bettge v. Territory*, 17 Okla. 85, 87 Pac. 897. Mr. Justice Hainer, delivering the opinion of the court after reviewing the authorities, said:

"But it may be said that the requirements of the Constitution of the United States are fully satisfied, where the accused is accorded, at some stage of the prosecution, a right of trial by jury; and it was so held by this court in the case of *Collier v. Territory*, 2 Okla. 444, 37 Pac. 819, where it was held that: 'A law of the Legislature of this territory which provides that cases which the justice court have power to hear and determine may be tried before a jury of six men, and where it gives the defendant the right of appeal to the district court where he may be tried by a jury of 12 men, is not unconstitutional.' It will be seen that this rule announced by our court is in direct conflict with the decisions of the Supreme Court of the United States above cited."

And the learned Justice concludes:

"The rule announced in *Collier v. Territory*, being in conflict with the settled decisions of the Supreme Court of the United States, is overruled in so far as it conflicts with this opinion. It follows that the provisions of the act of the Legislature depriving the defendant in this case of a right to a trial by a common-law jury are repugnant to the Constitution of the United States, and therefore unconstitutional and void."

In determining questions of federal cognizance, this court is bound to enforce the protection of the federal Constitution and to adopt and be governed by the rule of decision adjudicated in the Supreme Court of the United States. The doctrine declared in the cases quoted is conclusive on the question here presented. The probate court could have summoned the necessary jurors in the manner provided by law. We are also of the opinion that the

probate court had the inherent right to impanel a jury of 12 men to try said case by common-law method by issuing an open venire therefor, if necessary, in the absence of any express statute relating thereto, as held in the case of *Clawson v. United States*, 114 U. S. 477, 5 Sup. Ct. 949, 29 L. Ed. 179. It is our opinion that the probate court was without jurisdiction to render the judgment of conviction.

The judgment will therefore be reversed and the case remanded to the county court of Kingfisher county for a new trial.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.