## In re GEORGE WILKINS.

### No. A-1004. Opinion Filed June 6, 1911.

1. **HABEAS CORPUS—Rights and Privileges.** Section 10 of the Bill of Rights provides: "The privilege of the writ of habeas corpus shall never be suspended by the authorities of this state." **Held,** that the writ of habeas corpus is a writ of right, and cannot be abrogated or its efficiency impaired by statute, and the cases within the relief afforded by the writ at common law cannot be placed beyond its reach under the constitutional guaranty.

2. **SAME — Questions for Review — Jurisdiction.** The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the subject-matter and of the person convicted? And did the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence?

3. **SAME—Mere Irregularities of Procedure. Habeas corpus** does not lie to correct mere irregularity of procedure, where there is jurisdiction. There must be illegality or irregularity sufficient to render the proceedings void.

4. **SAME—Impaneling of Jury.** Irregularities in the impaneling of a trial jury does not affect the jurisdiction of the court so as to justify release by habeas corpus of a person so convicted.

5. **COURTS—"Competent Jurisdiction."** A court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act.

6. **JUDGMENT—Superior Courts—Misdemeanors—Number of Jurors.** A judgment and sentence rendered in a superior court upon a verdict returned by a jury of six men on a trial for a misdemeanor is not void for illegality.

(Syllabus by the Court.)

Application of George Wilkins for writ of *habeas corpus*. Writ denied and petitioner remanded.

The petitioner, George Wilkins, on January 24, 1911, filed in this court a verified petition, wherein he avers that he is unlawfully restrained of his liberty by one J. L. Wisener, sheriff of Muskogee county, at and in the common jail of said county. The petition further avers:

"That the aforesaid restraint and imprisonment of your petitioner is illegal, and that the aforesaid pretended conviction in said superior court was before a jury of six persons, impaneled in said superior court for the trial of your petitioner; that your petitioner did not at the time, nor has he ever, agreed to a trial in said court by said jury of six persons, nor has your petitioner in anything waived his right to a trial by a jury as guaranteed to him by the Constitution and laws of this state.

"Wherefore, your petitioner prays that the writ of *habeas corpus* may issue out of this honorable court, directed to the said John L. Wisener, sheriff as aforesaid, commanding him to have the body of your petitioner before this honorable court at a time and place to be by the court fixed, together with the cause of the detention of your petitioner; that your petitioner may be ordered discharged from the custody of said sheriff; that pending the hearing of this petition your petitioner be admitted to bail in a sum to be fixed by this honorable court, and for all other, further and different relief to which he may be entitled in the premises."

A writ of *habeas corpus* issued returnable before the court,· and petitioner was admitted to bail pending the determination of the cause. In answer respondent made return that said petitioner is held in custody by virtue of an order of commitment duly issued out of the superior court, and attaches a copy of said commitment to his return so made, showing that on March 5, 1910, the petitioner was sentenced to confinement in the county jail for 60 days, and for the further period of time until a fine of $200 and costs be satisfied at the rate of $2 per day if the same was not paid.

There was also filed a stipulation, as to the record, that the following is a true and correct copy of the journal entry in the case of the State of Oklahoma v. George Wilkins, No. 163 criminal, to wit:

"Now on this 23d day of February, 1910, being a day of the regular January term of the superior court of Muskogee county, Okla., this cause came on for hearing in its regular order. The state appearing by W. J. Crump, county attorney. The defendant filed a motion to quash the information herein, and the court, after having heard said motion, overruled the same, to which the defendant duly excepted. The defendant filed a demurrer to the information herein, and, after having heard said demurrer, the same was by the court overruled, to which the defendant duly excepted. The defendant waived arraignment and entered a plea of not guilty, whereupon a jury of·six good men of the regular panel were selected, impaneled, and sworn to try the cause. After having heard all. the evidence, the instructions of the court, and argument of counsel, the jury retired in charge of a sworn bailiff of this court to consider their verdict, and afterwards returned into court with the following verdict, to wit: 'We, the jury in the above entitled action, duly impaneled, and sworn, upon our oaths, find the defendant guilty as charged in the information herein.'

"It is also stipulated and agreed between the parties herein named that case No. 163 criminal is the case in which judgment under which said George Wilkins was imprisoned at the time he sued out the writ of *habeas corpus* herein.

"Jan. 30, 1911.

"W. E. Disney, Co. Atty., Muskogee County.

"Kistler & Haskell, for petitioner."

DOYLE, J.   Upon the record before us it cannot be doubted or denied that the superior court of Muskogee county had jurisdiction of the person and the subject-matter.   The only alleged defect in the proceedings is the impaneling of a jury of only six men in the trial of the case, which was done without objection on the part of the defendant.   It only remains to consider whether this alleged irregularity rendered the proceedings void.   It is now contended on behalf of petitioner that his conviction was illegal and void, and the court had no jurisdiction to proceed thereon to judgment and sentence, because the same was rendered on the verdict of a so-called "jury" of six men without an express waiver by the defendant of his constitutional right to trial by a jury of twelve men entered of record, and the further contention that even with the consent of the defendant a jury of six men in a superior court could not find a valid verdict in any criminal case.

If the defendant could not effectually waive his constitutional right to trial by a jury of twelve and consent to a trial by a jury of six men, the judgment and sentence would in that event be illegal and void.   Hence, upon the petitioner's theory of the case, *habeas corpus* is the proper remedy, notwithstanding the provision of the statute (section 6207, Comp. Laws 1909) that:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Second. Upon any process issued on any final judgment of a court of competent jurisdiction. * * *"

Section 10 of the Bill of Rights provides:

"The privilege of the writ of *habeas corpus* shall never be suspended by the authorities of this state."

And the general statute is (section 6196, Comp. Laws 1909):

"Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of *habeas corpus* to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."

In the case of *Ex parte Mingle,* 2 Okla. Cr. 708, 104 Pac. 68, it was held that:

"The writ of *habeas corpus* is a writ of right, and cannot be abrogated or its efficiency impaired by statute, and the cases within the relief ·afforded by the writ at common law cannot be placed beyond its reach under the constitutional guaranty."

While it is well settled that mere irregularity in proceedings resulting in the imprisonment, however. flagrant, is not sufficient ground to discharge on *habeas corpus,* yet if the petitioner be imprisoned under a judgment of a court which had no jurisdiction to render the judgment complained of, such want of jurisdiction may be inquired into on *habeas corpus,* and if found to exist is ground for a discharge of, the petitioner. *Ex parte Johnson,* 1 Okla. Cr. 414, 98 Pac. 461; *In re McNaught,* 1 Okla. Cr. 528, 99 Pac. 241; *Ex parte Gudenoge,* 2 Okla. Cr. 110, 100 Pac. 39; *Ex parte Howard,* 2 Okla. Cr. 563, 103 Pac. 663; *Ex parte Justus,* 3 Okla. Cr. 111, 104 Pac. 933; *Ex parte Brown,* 3 Okla. Cr. 329, 105 Pac. 577; *In re Talley,* 4 Okla. Cr. 398; *Ex parte Show,* 4 Okla. Cr. 416.

Under the Constitution of the United States, art. 3, sec. 2, par. 3, providing, "The trial of all crimes except cases of impeachment shall be by jury," and the territorial statutes (section 5435, Wilson's Rev. & Ann. St. 1903) providing that, "Issues of fact must be tried by jury," the right of trial by jury could not be waived at the time of the adoption of the state Constitution by a defendant charged with a crime triable by jury at common law, where a plea of not guilty was entered. *Callan v. Wilson,* 127 U. S. 540; *In re McQuown,* 19 Okla. 347, 91 Pac. 689; *Miller v. State,* 3 Okla. Cr. 457, 106 Pac. 810.

"The right of trial by jury shall be and remain inviolate. * * *" (Sec. 19, art. 2, Const.) This provision of the Bill of Rights unquestionably·preserves the right and necessity of trial by jury as it existed at the time of the adoption of the Constitution, except as modified by the Constitution itself. *West v. Cobb,* 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639. *In re Simmons,* 4 Okla. Cr. 662.

Our Constitution further provides (sec. 20, art. 7):

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge upon the facts, shall have the force and effect of a verdict by jury."

In the case of *Cowden v. State,* 5 Okla. Cr. 71, 113 Pac. 202, it is held that this constitutional provision applies to criminal as well as civil cases, and is self executing, and where the defendant waives a trial by jury, the state consenting, all questions of fact are for the court, and the court is authorized to try the question of guilt of the accused on a plea of not guilty.

It is further provided in art. 2, sec. 19, that "in county courts and courts not of record the jury shall consist of six men"; and that "in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict."

In addition to the district courts and county courts provided for in the Constitution, the Legislature created and established in every county in the state having a population of thirty thousand or more, and having a city therein of eight thousand or more, a court of civil and criminal jurisdiction co-extensive with the county, to be known as the superior court of such county, which shall be a court of record, and providing that such superior court shall have and exercise concurrent jurisdiction with the district court in all cases, and concurrent jurisdiction with the county court in all civil and criminal matters except matters probate. Act approved March 6, 1909 (ch. 24, art. 4, Comp. Laws 1909). The act further provides that "all misdemeanor cases shall be tried by a jury of six men, instead of twelve."

In the case of *Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291, it was held that superior courts are not county courts, as the latter term is used in section 19 of the Bill of Rights, even when exercising jurisdiction concurrent with county courts, and that the provision in the act creating superior courts, prescribing "that all misdemeanor cases shall be tried by a jury of six men instead of twelve," is unconstitutional and void.

The constitutional clause prescribing a jury of six men for the trial of misdemeanors in county courts and the provision contained in section 1970, Comp. Laws 1909, that "all misdemeanor cases in superior courts shall be tried by a jury of six men instead of twelve, constitute, at least, consent on the part of the state that in a misdemeanor case the defendant may waive his right to a jury of twelve and consent to the trial by a jury of six men in a superior court.

"Where a constitutional right in a criminal case is largely for the benefit of the accused or in the nature of a personal privilege, the law is well settled that the accused may waive such right." (*Starr v. State,* 5 Okla. Cr. 440, 115 Pac. 356.)

In the case of *Dalton v. State,* 6 Okla. Cr. 85, 116 Pac. 954, this court said that:

"Under the constitutional provision and the laws of this state, upon a trial for misdemeanor in a superior court, the defendant may have a choice of three modes of trial, either by a constitutional jury of twelve, or by a jury of six persons, where he waives his right to a jury of twelve, or by the court, the state consenting."

At the time of the adoption of the state Constitution the statute provided that a jury may be waived, with the assent of the court, "by written consent, in person or by attorney, filed with the clerk," or "by oral consent, in open court, entered on the journal." (Sec. 5808, Comp. Laws 1909.) It is insisted that if the court should hold that section 20 of article 7 of the Constitution authorizes a waiver of trial by jury, in criminal cases, then in that event such waiver could be only made in the manner prescribed by section 5808, Comp. Laws 1909. This contention would be well founded if the question were before this court upon appeal. *Dalton v. State, supra.* But as we view the law, it does not go to the question of the jurisdiction of the court. It is, at most, a mere irregularity. The defendant by his failure to object to a jury of six men waived his constitutional right to a jury of twelve.

In the case of *In re McNaught,* 1 Okla. Cr. 528, 99 Pac. 241, this court said:

"The manner and method of selecting the trial jury is not a question that can be reviewed in a *habeas corpus* proceeding. * * * Disobeying the law, or a failure to comply with the provisions of the law governing the selection of a petit jury, does not so affect the jurisdiction of the court as to justify the release by *habeas corpus* of a person convicted upon a trial had by a jury so illegally selected. It is unnecessary for us to consider whether the jury was properly or illegally impaneled, as it is a matter that does not go to the jurisdiction of the court."

It is further insisted that "if trial by jury is waived at all, the issues of fact must then be submitted to the only other trier of facts recognized by the Constitution, namely, the court." This contention is fully answered by the doctrine declared in the Dalton case, *supra*. A trial for misdemeanor by a jury of six men is in a measure sanctioned by the Constitution and the statute, and by such a tribunal the petitioner herein was tried, convicted, and sentenced. We agree with the learned counsel that the court must keep strictly within the limits of the law authorizing it to take jurisdiction to try the case and to render judgment, and it cannot pass beyond those limits in any essential requirement. But where the court follows a mode of procedure sanctioned by law, for the determination of the question of the guilt or innocence of the accused, it has jurisdiction to render judgment. Its action may be erroneous, but its judgment is not void. Counsel for petitioner have presented the questions involved to the court in their brief in a very scholarly manner, and should certainly be commended for the industry and ability shown in its preparation. While we are ever anxious to preserve in its integrity every constitutional right, we do not believe the constitutional guaranties were ever intended to shield criminals against the consequences of their criminal conduct.

Our conclusion is that the defendant, by failing to object, effectually waived his right to a trial by a jury of twelve men.

The judgment and sentence are therefore legal and valid. Viewing the law as we do, the writ of *habeas corpus* is hereby discharged and the petitioner is remanded to the custody of the sheriff of Muskogee county, with direction to carry into execution the judgment and sentence of the court.

FURMAN, P. J., and ARMSTRONG, J., concur.