[No. 735.]

# Ex Parte A. M. EDGINGTON.

Habeas Corpus—When not Proper Remedy.—Where it appears that petitioner was imprisoned under a final judgment of a justice of the peace, and that the justice had jurisdiction of the offense charged as well as of the petitioner: *Held*, that petitioner must be remanded; that if error was committed on the trial the only remedy of petitioner was by appeal, and not by *habeas corpus*.

Application for writ of *habeas corpus*.

The petition of A. M. Edgington set forth that he was unlawfully imprisoned, confined and restrained of his liberty by the sheriff of Storey County; that said imprisonment, detention, confinement and restraint were illegal, and that the illegality consisted in this: that petitioner had been arrested upon a warrant issued from the justice's court of township No. 2, in Virginia City, in Storey County, upon a complaint therein filed charging him with the violation of an ordinance of said city in carrying on and conducting the business of a quartz-mill without the payment of a license tax therefor; that upon the hearing of said complaint petitioner was found guilty and sentenced to the payment of a fine of seventy-five dollars, or be committed until the same was paid, or for thirty-seven and a half days' imprisonment in the county jail of Storey County; that the proof in said cause disclosed that while said quartz-mill so conducted by him is situate within the limits of said city as defined by the act of the legislature defining the same, yet said mill is without the limits of said city as defined by the act of the corporate authorities of said city and by the official map thereof, and was for that reason without said city, and he is not liable for said license tax.

*Whitman & Wood*, for Petitioner.

I. The city of Virginia having by its application for patent from the United States indicated its intention to disclaim any jurisdiction over the territory covered by the

mills where the petitioner carries on the business complained of, cannot now claim the right to tax such business.

II. The property where petitioner carries on business not being a part of the city of Virginia in fact, not designated in its official map, not laid off either on the map or actually into lots, blocks, streets or alleys, and not deriving any benefit from the municipality, is not subject to taxation for municipal purposes, and hence the business carried on must be exempt. (Dillon on Municipal Corporations, p. 599, Sec. 634; *Durant* v. *Kauffman*, 34 Iowa, 194; *Langworthy* v. *Dubuque*, 13 Iowa, 86; *Covington* v. *Southgate*, 15 B. Monroe, 491; *Morford* v. *Unger*, 8 Iowa, 82.)

*R. H. Taylor*, for Respondent.

I. Municipal corporations are called into being at the pleasure of the State, and it need not obtain the consent of the people of the locality to be affected. The power of the legislature over such corporations is supreme; it may erect, change, divide or abolish them at pleasure. (Dillon on Municipal Corporations, Sec. 30; *Allen* v. *McKean*, 1 Sumner, 296; *People* v. *Morris*, 13 Wend. 325–337; *Yarmouth* v. *N. Yarmouth*, 34 Maine, 411–417; *Girard* v. *Philadelphia*, 7 Wall. 1–14; *City of Virginia* v. *Chollar-Potosi Gold and Silver Mining Co.*, 2 Nev. 89, 90.)

II. The limits and boundaries of the corporation are fixed and established by legislative authority. The power to incorporate a place necessarily includes the power to fix and change its boundaries. (*Cutting* v. *Stone*, 7 Vt. 471; *Gray* v. *Sheldon*, 8 Vt. 402; *Pierce* v. *Carpenter*, 10 Vt. 480; *Green* v. *Cheek*, 5 Ind. 105; *People* v. *Carpenter*, 24 N. Y. 86; *Elmendorf* v. *Mayor*, 25 Wend. 693; Dillon on Municipal Corporations, Sec. 125.)

III. A municipality is not estopped to claim authority over the territory included within the boundaries described in its charter because its officers, without authority, have done an act which recognized different limits or boundaries. (*St. Louis* v. *Gorman*, 29 Mo. 593; *Rossier* v. *Boston*, 4 Allen, 57; *McFarland* v. *Kerr*, 10 Bosw. N. Y. 249.)

IV. The board of aldermen of the city have power to exact a license tax upon quartz-mills.    (Stats. 1875, 83, Sec. 1, subd. eighth; Stats. 1866, 90.)

By the Court, BEATTY, J.:

The petition for the writ of *habeas corpus* in this case, and the return thereto, to which there is no exception, shows that the petitioner is detained in custody by virtue of a final judgment of a justice of the peace of Virginia City, convicting him of violating an ordinance of that corporation. It is conceded that the justice of the peace had jurisdiction of the offense charged, as well as of the prisoner, and that a legal ordinance authorizes the judgment.

Such being the case, it is made our imperative duty to remand the prisoner by the plain terms of our *habeas corpus* act (1 Compiled Laws, Sec. 367), and we cannot, without pronouncing an extra-judicial opinion, undertake to decide whether the business of the petitioner was carried on within the corporate limits of Virginia City or not.    That was a question to be decided on the trial, and if it was decided erroneously in point either of law or fact, the remedy is by appeal and not by *habeas corpus*.

The prisoner is remanded.

EARLL, J., did not participate in the foregoing decision.