[Filed February 2, 1888.]

THOMAS A. BARTON, RESPONDENT, *v.* D. B. SAUNDERS, APPELLANT.

HABEAS CORPUS—WHEN LIES—ARREST IN CIVIL ACTION—VOIDABLE PROCESS.—
    The writ of habeas corpus will not lie to procure the discharge of a person detained by process issued in a civil action. On an affidavit which merely alleges in the statutory language that "the defendant fraudulently contracted the debt sued on," without alleging the facts which constitute the fraud, such defect in the affidavit made the process voidable only, not absolutely void.

APPEAL from Union County. Reversed.

*R. Eakin,* and *Cox, Smith & Teal,* for Appellant.

*T. H. Crawford,* and *Ramsey & Bingham,* for Respondent.

LORD, C. J.—This is an appeal brought to reverse a judgment, discharging the plaintiff from arrest, in a habeas corpus proceeding. The facts are these: The Mercantile Company commenced an action in the Circuit Court against the plaintiff to recover a certain sum of money, and in said action procured a writ of arrest to be issued, and the plaintiff taken into custody by the defendant's intestate, who was then the sheriff of Union County. Shortly thereafter the plaintiff sued out a writ of habeas corpus before the county judge of said county, upon which an order was made discharging him from arrest, and from this order the defendant appealed to the Circuit Court, where a judgment was rendered affirming the judgment of the County Court. The defendant's intestate died, and she being appointed his administratrix, was substituted in his stead, and prosecutes this appeal. The case rests mainly on the sufficiency of the affidavit for the writ of arrest, which alleged as the ground therefor, "that the defendant (plaintiff here) has been guilty of fraud in contracting the said debt, and that defendant has removed and disposed of his property with intent to defraud his creditors."

Our statute provides that no person shall be arrested in an action at law, except, among other cases, in the following instances: "(4) When the defendant has been guilty of a fraud in contracting the debt," etc.; and "(5) when the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors." (Hill's Code, § 108.) It also provides how at any time after the commencement of the action, the plaintiff may entitle himself to a writ of arrest, etc., and that the affidavit required may be either positive, or upon information and belief, etc. (§ 109, subds. 1, 2.) And finally for the protection of the defendant, it is also further provided that "a defendant arrested may at any time before judgment apply on motion to the court, or the judge thereof, *in which the action is pending,* upon notice to the plaintiff, to vacate the writ of arrest" (§ 130); and that "if the motion be made upon affidavits or other proofs on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits, or other proofs

in addition to those upon which the writ was issued. If upon the hearing of such motion it shall satisfactorily appear that there was not sufficient cause to allow the writ, the same shall be vacated." (§ 131.)

Upon habeas corpus, it is provided that, "if it appear on the return that the prisoner is in custody by virtue of an order or civil process of any court legally constituted, or issued by an officer in course of judicial proceedings before him, authorized by law, such prisoner shall only be discharged in the following cases: (3) When the order or process is defective in some matter of substance required by law rendering such process void. (4) When the order or process, though in proper form, has been issued in a case not allowed by law. (5) When the order or process is not authorized by any judgment or decree of any court, nor by any provision of law." (Hill's Code, § 622.)

These different provisions of our Code have been grouped for the purpose of showing some of the grounds for which an arrest is allowed, the mode to be pursued in obtaining the writ, and in case of any defect, how it may be vacated, and the prisoner discharged by a proceeding in the court in which the action is pending; and also to show some of the grounds which will authorize a court to discharge a prisoner in custody as an unlawful restraint of his liberty. The contention of counsel for the plaintiff is that the proceeding for arrest was void on its face, and, therefore, authorized the court to inquire, and to discharge him as unlawfully restrained of his liberty. This contention is based on the idea that the affidavit constitutes a part of the process, and as it did not set forth the probative facts constituting the alleged fraud, it was fatally defective on its face.

The question then is, whether the process has the sanction and authority of law; for it will be admitted, if there was no authority to arrest the defendant, he should be discharged. When the Code declares that the prisoner in a habeas corpus proceeding shall be discharged in certain cases, when in custody under civil process, we shall give the prisoner the benefit of the equity of the statute by assuming that he shall be discharged in such cases. That is to say, when it shall appear on the return

of the writ that the order or process was defective in some matter of substance required by law rendering such process void, or that the process, though in proper form, had been issued in a case not allowed by law, or that the process is not authorized by any judgment or decree of any court, nor by any provision of law. (§ 622, subds. 3, 4, 6, *supra.*) It is an elementary principle that where a court acquires jurisdiction over the subject-matter and the person, it becomes its right and duty to determine every question which may arise in the cause without interference from any other tribunal. Upon the facts as disclosed by this record, it cannot be disputed but that the court had full and complete jurisdiction under the statute of the subject-matter of the proceeding, and of the person of the defendant, and was competent to correct any abuse of its process, or discharge the prisoner if it should satisfactorily appear there was no cause for the arrest.

The cause of action, the affidavit for a writ of arrest and the grounds thereof, the issuing of the writ, etc., were all matters not only within the jurisdiction of the court, but the process shows that it was issued in a case allowed by law and in the language of its provisions. Hence, the case does not come within any of the subdivisions of section 622 of the habeas corpus provisions, unless it be subdivision 3 of that section; that the process was defective in some matter of substance required by law, rendering such process void. "When the return shows," says Mr. Hurd, "a detainer under legal process, the only proper points for examination are the existence, validity, and present legal force of the process." (Hurd on Habeas Corpus, p. 332.) Looking at this, what is the ground or defect of substance in the process if the affidavit be a part of it, which renders it void? The counsel answers, the defect is not stating the facts in what the fraud consists; that the affidavit only states in the language of the statute that the "defendant has been guilty of a fraud in contracting the debt," etc., instead of setting forth the facts constituting the fraud, or cause of arrest; in a word, that facts are not set forth, but conclusions of law. "But," says Mr. Hurd, "a proceeding defective for irregularity and one

void for illegality may be reversed upon error or *certiorari*, but it is the latter defect only which gives authority to discharge on habeas corpus." (Hurd on Habeas Corpus, p. 327.)

Errors or irregularities which render proceedings voidable merely, the writ of habeas corpus cannot reach, but only such defects in substance as renders the process or judgment absolutely void. An *irregularity* is defined to be "the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner." (Tidd's Prac. 434.) " It is the technical term for every defect in practical proceedings, or the mode of conducting an action or defense, as distinguished from defects in pleadings. On the other hand, *illegality* is properly predictable of radical defects only, and signifies that which is contrary to the principles of law as distinguished from mere rules of procedure. It denotes a complete defect in the proceedings." (Tidd's Prac. 435 ; Hurd on Habeas Corpus, 333.) The allegation of the affidavit is in the language of the statute, declared to be a ground which authorizes the issuance of the writ of arrest. Was the substantive fact relied upon as stated a radical defect, or only, to say the most, an irregularity or error, within the meaning of the distinction taken, rendering the process only voidable? A process is not a nullity because it was issued imprudently, or in a manner not warranted by law. There must be a defect of substance, or the omission to allege something material, and without which the affidavit would be a nullity. Where the matter is itself insufficient, without reference to the manner of stating it, it goes to the substance, but where it goes to the manner of stating it, the defect is merely formal. The matter here alleged is fraud in contradicting the obligation, which by the express words of the statute is itself sufficient to authorize a writ of arrest, and the objection in not stating the facts in which the fraud consists goes only to the manner of stating it, and is not a defect of substance. This is even true as tested by the stricter rules of pleading. "If the pleading," says Mr. Pomeroy, "should aver conclusions of law

in place of fact, as claimed here, the resulting insufficiency and imperfection would pertain to form rather than substance, and the mode of correction would be by a motion and not by a demurrer." (Pomeroy on Remedies, § 549.)

The elements of fact and law are so blended in the affidavit, taken as a whole, that no one can fail to understand the nature of the transaction and the ground of arrest, and in such case the rule is invariable that the pleading cannot be treated as a nullity, but that the party must avoid or correct it by motion. (Bliss on Code Pleading, § 213.) We do not mean to say that the facts relied upon must not be stated. No rule of pleading is better established than that facts must be stated and not legal conclusions, and that fraud when pleaded must state the facts upon which the charge is based. The point that we make is that it is no "such radical defect as renders the proceeding in which it occurs totally null and void, of no avail and effect whatever, and incapable of being made so." It is not an omission of some material matter, the fraud is alleged, and that is the substance of the ground of arrest and sufficient to authorize the writ; but the fact that such material matter is defectively stated does not render the process void, because it is an error or irregularity which may be corrected on motion in the court in which the action is pending, and not an illegality which renders the process void from the beginning. "There is a great difference," said Chief Justice De Gray, "between erroneous process and void process. The first stands valid and good until it be reversed; the latter is an absolute nullity from the beginning." (*Parsons* v. *Loyd*, 3 Wils. 345.) The writ of habeas corpus was not designed to operate as a writ of error or *certiorari*, and does not have their force and effect.

It was not intended to correct errors or irregularities which only have the effect to render proceedings voidable merely, but such only as render them absolutely void. That it is the proper remedy, and may be resorted to for relief from every illegal imprisonment, no one will deny, and for this salutory purpose the doors of every court of justice invested with the power to issue the writ ought to stand wide open; but it cannot be used

to subvert the law and usurp the power of appellate courts, or interfere and review the proceedings of other courts.    Imprisonment under an order or process irregularly issued, which may be set aside, constitutes no ground for its issuance.    "To put it to such use," said Sanderson, J., "would be to convert it into a writ of error, and confer upon every officer who has authority to issue the writ, appellate jurisdiction over the orders and judgment of the highest tribunals in the land.    County judges, though occupying an inferior position and exercising an inferior jurisdiction, would be, by such a rule, empowered to review and practically reverse the judgments and orders of the District Courts, and of the Supreme Court itself, and also the federal courts exercising jurisdiction within the State.    Establish that the judgments and orders of courts may be reviewed on habeas corpus upon the grounds of error, and appeals for the correction of errors may be dispensed with in all cases in which the arrest or imprisonment of persons is allowed.    Every criminal action, every civil action in which an arrest is given, and every proceeding for contempt, could be brought to the Supreme Court by writs of habeas corpus.    Not only that but as already suggested, inferior tribunals would be called upon to review the judgments of superior tribunals, and tribunals of equal grade to interfere and review each other's proceedings.    Such a rule would render all judicial proceedings amorphous, and lead to the utmost confusion and disorder.    It is well settled that habeas corpus can be put to no such use, and that its functions, where the party who has appealed to its aid is in custody under process, do not extend beyond the inquiry into the jurisdiction of the court by which it was issued, and the validity of its process upon its face."    (*Ex parte McCulloch,* 35 Cal. 100; *People* v. *Cassell,* 5 Hill, 167.) That the court had jurisdiction in which the action was pending, and out of which the writ of arrest was issued, and was competent to correct any error or abuse of its process, or to set it aside if erroneously issued, is an unanswerable return to a writ of habeas corpus.    This result renders it unnecessary to examine other questions.

The judgment is error, and is reversed, and writ dismissed.