[No. 1509.]
## EX PARTE CRAWFORD.

HABEAS CORPUS—NOT PROPER REMEDY WHERE AN APPEAL LIES FROM
JUDGMENT OF IMPRISONMENT. Where it appears that the petitioner
is held in custody by the sheriff by virtue of a commitment, and the
commitment shows that the petitioner was found guilty of a public
offense, and no objection is made touching the regularity of the
commitment, and the jurisdiction of the court is not questioned:
*Held*, that, whether petitioner was guilty or not was the question to
be decided upon the trial, and, if erroneously decided, the remedy is
by appeal. (*Ex parte Edgington*, 10 Nev. 215, affirmed.)

APPLICATION for writ of *habeas corpus*.

The petition of James Crawford set forth that he was
unlawfully imprisoned, confined and restrained of his liberty
by the sheriff of Washoe county; that said imprisonment,
detention, confinement and restraint were unlawful, and that
the illegality consisted in this: That petitioner had been
arrested upon a warrant issued from the justice court of
Reno township, county of Washoe, State of Nevada, upon a
complaint therein filed charging him with having threatened
to commit an offense, to wit: to kill one F. B. Porter; that
thereupon testimony in relation to said charge was taken by
the justice of said court, reduced to writing and subscribed
by the witnesses; that upon the evidence so taken the said
justice gave judgment that petitioner would be required to
enter into a bond in the sum of $1,000 to keep the peace
toward the people of the State of Nevada, and particularly
toward said F. B. Porter, and that in default of said bond
that he be committed to the county jail of Washoe county
until he should give said bond; that petitioner failed to
give said bond, and was, upon a commitment issued by said
justice, delivered into the custody of the sheriff of Washoe
county, and upon said commitment was placed in the county
jail, to be there confined until by the terms of said commit-
ment he should give the said bond of $1,000; that it appeared
and does appear from the evidence taken as aforesaid that
there was and is no just reason or any reason whatever to
fear the commission of the offense alleged to have been
threatened, or any other offense whatever.

*F. H. Norcross*, for Petitioner.

*James R. Judge*, Attorney-General, and *T. V. Julien*, District Attorney, *contra.*

By the Court, BELKNAP, C. J.:

In the matter of the application of James Crawford for a writ of *habeas corpus:*

The petitioner is held in custody by the sheriff of Washoe county by virtue of a commitment issued from the court of the justice of the peace of Reno township.

The commitment shows that the petitioner was found guilty of a public offense, to wit, threats against life, and is placed under bonds to keep the peace or be imprisoned in the county jail for the term of six months or until said bond be given.

No objection is made touching the regularity of the commitment, and the jurisdiction of the court is not questioned.

Under these facts it is our duty to deny the application. (Gen. Stats. sec. 3689.)

Whether petitioner was guilty or not, was the question to be decided upon the trial, and if it was erroneously decided, the remedy is by appeal, and not by *habeas corpus.* (*Ex parte Edgington*, 10 Nev. 215.)