[No. 1803]

## Ex Parte JACKMAN

1. HABEAS CORPUS—WHEN WRIT MAINTAINABLE.
   The question of the legality of the method of impaneling a jury in a criminal case should be raised on appeal from the judgment and from an order denying a new trial, and not on *habeas corpus*.

ORIGINAL PROCEEDING. Application for a writ of *habeas corpus* by Albert T. Jackman. **Dismissed.**

The facts sufficiently appear in the opinion.

*Thompson, Morehouse and Thompson*, for Petitioner.

*R. C. Stoddard*, Attorney-General, and *L. B. Fowler*, Deputy Attorney-General, for the State.

By the Court, SWEENEY, J.:

This is an application for a writ of *habeas corpus* by the applicant, Albert T. Jackman, now confined in the penitentiary under a life sentence for the crime of having unlawfully killed one John Moritz, in Goldfield, Esmeralda County, State of Nevada, during the year 1906.

Petitioner alleges that he is unlawfully restrained of his liberty by William Maxwell, warden of said state prison, and that his unlawful confinement and detention consists in this, to wit: "That heretofore, to wit, on the 22d day of November, A. D. 1906, at the County of Esmeralda, State of Nevada, the grand jury of said Esmeralda County found an indictment in the District Court of the First Judicial District of the State of Nevada, in and for Esmeralda County, against said Albert T. Jackman, under the name of John Thompson, charging said Albert T. Jackman with the crime of murder, in the killing of one John Moritz, at Goldfield, Esmeralda County, State of Nevada, on the 16th day of September, A. D. 1906. That at the time of the finding of said indictment, said Albert T. Jackman was under arrest and held in the county jail of Esmeralda County, State of Nevada, by the sheriff of said county, and said Albert T. Jackman was duly arraigned under said indictment, and pleaded not guilty thereto. That thereafter the trial under said indictment was duly set in said district court

for the 28th day of September, 1908, before the court by jury, but on said 28th day of September, 1908, the cause was regularly continued until the 29th day of September, 1908, at the hour of 10 o'clock a. m. of that day, by consent, at which time the said cause was proceeded with, and twelve names were regularly drawn from the court-room jury box, and the trial proceeded by the examination of said jurors as to their qualifications, and said cause proceeded in due and proper way until the close of the day, when the jury list in the court-room box was exhausted, and the following jurors, to wit, Thomas H. Cline, A. E. Barnes, E. E. Aldridge, W. E. Linton, L. A. Deese, J. E. White, and J. S. Milligan, were passed subject to peremptory challenge, at which time the court continued the cause until the 30th day of September, A. D. 1908, at the hour of 10 o'clock a. m. of that day, but later on, of its own motion, recalled or vacated such continuance and caused the action to be taken up at 7:30 p. m. of said 29th day of September, 1908; when, all parties being present, in open court the court of its own motion continued the cause until Wednesday, the 7th day of October, 1908, at the hour of 2 o'clock p. m. of that day. That thereafter, on the 1st day of October, 1908, Hon. Frank P. Langan, judge of said court, of his own motion and cause, left the County of Esmeralda, State of Nevada, and opened, conducted, and carried on his court in the County of Ormsby, State of Nevada, and the following proceedings were had in the district court of the First Judicial District of the State of Nevada, in and for the County of Ormsby, to wit: 'Carson City, Nevada, October 3, 1908. This is to certify that on this day, Saturday, October, 3, 1908, at the hour of 10 o'clock a. m., there was a session of the District Court of the First Judicial District, in and for the County of Ormsby. Present: Hon. Frank P. Langan, district judge; Wm. Kinney, sheriff; E. O. Patterson, clerk. At which time the following proceedings were had: The court overruled the demurrers to the seven indictments in each of which the State of Nevada was plaintiff and T. B. Rickey was defendant and ordered that the said T. B. Rickey plead to each of said indictments on Monday morning, the 5th day of October, at the hour of 10 o'clock of that day. In the matter

of the guardianship of the person and estate of Trenmor Coffin, a minor, the discharge of the guardian was entered. In the case of divorce entitled Olive E. Harper, Plaintiff, v. William A. Harper, Defendant, upon default of defendant being entered and proof presented, the decree of divorce was granted plaintiff. In the case for divorce entitled Belle Willis, Plaintiff, v. Fred Willis, Defendant, upon default of defendant being entered, and the proofs presented, the decree of divorce was granted plaintiff. Thereafter no further business coming before the court at this time, adjournment was ordered to 10 o'clock a. m. Monday, October 5, 1908. Attest: E. O. Patterson, Clerk. [Seal.]' And the said Hon. Frank P. Langan presided as the judge of said court in the said County of Ormsby. That when the said Hon. Frank P. Langan, judge as aforesaid, left the said County of Esmeralda, and opened and conducted his court in said Ormsby County, the said trial of said Jackman in said district court for Esmeralda County had proceeded only to the exhaustion of the court-room jury box, and leaving seven jurors who had been examined as to their qualifications and subject to peremptory challenge, sitting in the panel, and there were others and many names in the regular trial jury box, subject to be drawn as jurors, and to be summoned under proper venire. That thereafter, without any notice other than the aforesaid continuance and against the objection of said Jackman, duly and properly made, and without any notice by the said judge or the clerk of said court, or any notice as provided by Rule 3 of the rules of the said district court, as adopted and prescribed by the supreme court of this state on the 4th day of April, 1887, as the rules of the said district court, the said Hon. Frank P. Langan caused said trial against the objections of said Jackman to proceed just the same as if the said court had not ceased to be in term or in session, and took up the said cause at the point where the cause had ceased when he, said judge, left the said County of Esmeralda, and forced and compelled said Jackman to the trial of said cause, and thereafter a jury was obtained, by the calling of additional jurors to fill the panel, then consisting of seven jurors aforesaid, and juror after juror was called and examined and peremptory

challenges used by the state and defendant, until a panel was complete, and upon such completed panel there remained the following-named jurors, to wit, W. E. Linton and J. S. Milligan, who were passed for challenge September 29, 1908, and not having been challenged for cause or peremptorily, remained upon said completed panel, notwithstanding the adjournment of said court on the 30th day of September, 1908. That thereafter said cause proceeded and on the 24th day of October, 1908, the jury rendered a verdict against said Albert T. Jackman of murder in the second degree, and upon said verdict the court, against the objection of defendant, pronounced judgment against defendant, and sentenced him for life in the state prison of the State of Nevada, at Carson City, and upon said verdict and judgment, and none other and not otherwise, said William Maxwell holds, confines, detains, restrains, and imprisons said Albert T. Jackman in said state prison, as aforesaid, and your petitioner avers: That when said Hon. Frank P. Langan left the said County of Esmeralda, as hereinbefore set forth, and opened' court and conducted and carried on his court in Ormsby County, as herein set forth, the term of court in and for Esmeralda County, State of Nevada, ceased and determined, and the jury then passed for peremptory challenge was by operation of law discharged, and the trial of said cause, by operation of law, was ended and ceased and could not be resumed again, and that when the said judge returned to said Esmeralda County the said court therein was not in session, and that all subsequent proceedings were in the vacation of said court and not while the court was legally or otherwise in session, and said trial was had and the verdict given and judgment rendered at a time not authorized by law, and that the said court was then without jurisdiction to take any proceedings against the said Albert T. Jackman, and that the sentence and judgment of the court are absolutely void, and the commitment issued thereon is void, and is no authority for. the restraint, imprisonment, confinement, and detention of said Albert T. Jackman by said William Maxwell, in said state prison, as warden thereof, or otherwise."

No briefs were filed in this proceeding; but upon the oral

argument counsel for petitioner conceded that, even if this court sustained their alleged contention in the premises, the petitioner was not entitled to an absolute discharge from custody, but only that he was entitled to be released from the state prison and remanded to the custody of the sheriff of Esmeralda County for a new trial. By assuming this position, it was conceded, even if the court erred in the conduct of the trial in the manner contended, that such error would only amount to a mistrial of the cause. Conceding, for the purposes of this case, without so deciding, that a jury impaneled in the manner detailed in the petition was an illegal jury, it would, we think, only entitle petitioner to a new trial. (*State* v. *Vaughn*, 23 Nev. 103.) A question of law of this kind should, we think, be raised on appeal from the judgment and from an order denying a motion for a new trial, and not on *habeas corpus*. (*Ex Parte Smith*, 2 Nev. 338; *Ex Parte Winston*, 9 Nev. 71; *Ex Parte Edgington*, 10 Nev. 215; *Ex Parte Maxwell*, 11 Nev. 429; *Ex Parte Bergman*, 18 Nev. 331; *Ex Parte Crawford*, 24 Nev. 91.)

An appeal is now pending in this court from said judgment and order, in which the question sought to be determined in this proceeding is presented.

As this latter procedure is the appropriate remedy for determining questions of this character, the writ should be dismissed, and it is so ordered.