## UNITED STATES v. OATES.
### No. 6776.

Circuit Court of Appeals, Ninth Circuit. Nov. 3, 1932.

Julien A. Hurley, U. S. Atty., and Earnest B. Collins, Asst. U. S. Atty., both of Fairbanks, Alaska.

Thomas B. Drayton, of Fairbanks, Alaska, for appellee.

Before WILBUR, Circuit Judge, and JAMES and NORCROSS, District Judges.

NORCROSS, District Judge.

From an order of the District Court for the Territory of Alaska, Fourth Judicial Division, discharging the appellee from custody upon a hearing upon return to a writ of habeas corpus, plaintiff has appealed.

The return of the marshal to the writ recited that he was holding the defendant in his custody on a certified copy of judgment rendered by the United States commissioner and ex officio justice of the peace at McGrath, Alaska.

It was conceded by both parties to the proceeding that the justice court had jurisdiction of the person of defendant and of the offense charged; that the commitment is in regular form, except that it purports to authorize imprisonment for nonpayment of costs.

The main contention of the petitioner was that the trial proceedings were vitiated because of the manner of impaneling and selecting the jury, and therefore all subsequent proceedings were void.

From evidence introduced upon the hearing it appears that the jury was drawn in accordance with the provisions of section 2528 of the Compiled Laws of Alaska, and not in accordance with a later act, chapter 100 of the Session Laws of Alaska, 1931, page 178. Section 10 of the last-mentioned act provides: "No case, either civil or criminal, shall be tried in any of the Courts of the Territory of Alaska, except in accordance with the provisions of this Act, and any violation of the provisions of this Act is hereby declared to be reversible error. Provided, however, * * * by consent and agreement of the parties * * * made in writing and signed and filed in the case, a jury shall be drawn or selected in any manner upon which the parties may so agree, * * * and such drawing or selection shall not be deemed a violation of this Act."

It was the view of the District Court of the territory that, the justice court of Alaska being a court of inferior and limited jurisdiction, "the record of the latter Court is always open to attack in a habeas corpus proceeding and, when thus challenged, such Court must justify its official acts at any and every stage of the proceedings, by showing, that it acted within its jurisdiction."

Conceding, for the purpose of the question presented on this appeal, that the commissioner, as ex officio justice of the peace, committed error in the manner of impaneling and selecting the jury which convicted the petitioner, it was an error committed within and not in excess of his jurisdiction. The remedy was by appeal or writ of error, and not by habeas corpus.

In appellant's brief appears the statement that "but one decision" was found "in which the judgment of a Justice of the Peace is attempted to be reviewed by a writ of habeas corpus, and that is in Ex parte Winston, 9 Nev. 71," and the following from the opinion is quoted:

"In the case under consideration, the justice of the peace has not exceeded his juris-

diction. By the express provisions of the statute, * * * the justice of the peace has original jurisdiction of the subject matter. It was his duty to decide whether or not the law of 1861 had been repealed by implication or otherwise. In no other way could the question be raised. Such was the subject matter with which he had to deal. That he had jurisdiction to determine this question cannot be denied. Such being the fact, his judgment may be erroneous but it cannot be void. If the justice erred, petitioner has his remedy by appeal to the district court. The judgment of the justice is conclusive until reversed. It cannot be reviewed upon habeas corpus."

While the Winston Case, opinion by Justice Hawley, who later became United States District Judge, is one of the first, if not the first, case dealing with the question as applied to inferior courts of limited jurisdiction, and has been widely cited as an authority on the limitations of proceedings in habeas corpus generally, the same question was shortly thereafter presented to the same court in the case of Ex parte Edgington, 10 Nev. 215. The opinion in the latter case was by Justice Beatty, who later as Chief Justice of the Supreme Court of California, concurred in two opinions in which relief by habeas corpus was held to be inapplicable in cases where a justice court in one instance and a police court in another had denied demands for a trial by jury, the charge in each case being a misdemeanor. Ex parte Miller, 82 Cal. 454, 22 P. 1113; In re Fife, 110 Cal. 8, 42 P. 299.

In the Fife Case, last cited, the court quotes with approval the following excerpt from the case of Ex parte Miller, supra: "The offense charged was not a felony, and a jury might have been waived. The return of the officer to the alternative writ shows a valid commitment by a court having jurisdiction of the subject-matter and of the party. If a jury trial was denied, it was mere error which could not be reached by a writ of habeas corpus."

In the case of In re Newcomb, 56 Wash. 395, 105 P. 1042, 1043, the Supreme Court of Washington, opinion by Chief Justice Rudkin, late senior Circuit Judge of this Circuit, considering the question on habeas corpus of alleged irregularity in the selection of a jury in the superior court, said: "Errors and irregularities such as those complained of cannot be inquired into or corrected on an application of this kind. * * * 'A habeas corpus is not a writ of

error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it. On a habeas corpus, the judgment of even a subordinate court cannot be disregarded, reversed, or set aside, however clearly we may perceive it to be erroneous, and however plain it may be that we ought to reverse it if it were before us on appeal or writ of error. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision. We decided this three years ago at Sunbury, in a case which we all thought one of much hardship; but the rule is so familiar, so universally acknowledged, and so reasonable in itself, that it requires only to be stated.' Passmore Williamson's Case, 26 Pa. 9, 67 Am. Dec. 374; Ex parte Winston, 9 Nev. 71."

See, also, In re Wilkins, 7 Okl. Cr. 422, 115 P. 1118, 1120; Barton v. Saunders, 16 Or. 51, 16 P. 921, 8 Am. St. Rep. 261; Gillenwaters v. Biddle (C. C. A.) 18 F.(2d) 206, 207; 29 C. J. 48.

Order reversed.