Application of JORGE.

No. A–3859.

District Court of Alaska. Third Division. Anchorage.

Oct. 19, 1945.

634

Davis & Renfrew, of Anchorage, for petitioner.

Noel K. Wennblom, U. S. Atty., and Raymond E. Plummer, Asst. U. S. Atty., both of Anchorage, for respondent.

DIMOND, District Judge.

On August 14, 1945, in the midst of considerable excitement over the news that the Japanese had finally accepted the terms of unconditional surrender laid down at the Potsdam Conference, Shirley Jorge, a resident of Anchorage, Alaska, was convicted by a jury in a court of the Commissioner and Justice of the Peace, hereinafter called the justice, for the Anchorage Precinct, Third Division, Territory of Alaska, of the crime of keeping a bawdyhouse, a misdemeanor, and she was thereupon adjudged and sentenced to pay a fine of $500 and to be imprisoned in jail for the term of six months.

It appears that the trial proceedings were completely regular, except as to receiving the verdict of the jury, and for error in that respect it is claimed that the judgment is void and that the petitioner should be discharged in this proceeding.

There is little dispute as to just what happened. In the constricted quarters of the justice, a small room plentifully equipped with chairs is used for jury trials. This is the only room available in which the jury may consider of their verdict, and so on this occasion, as on many others, at the conclusion of the hearing of testimony and the arguments of counsel, the justice and the attorneys and all other persons except the members of the jury left the room and the doors were closed. One door of this room, which may for convenience be called the jury room, gives access to one of the halls of the building. Another door of the jury room opens into another room which is used as the main office of the justice. In this office is a large counter and some desks and chairs and other office furniture. One end of the counter, around which persons must pass to enter the main part of the office, is within a few feet (described in the testimony as approximately five feet) of the door leading into the jury room. Another door leads from the main office to the hallway.

When the case was submitted to the jury and the jury was left alone in the jury room behind closed doors, the petitioner and her counsel remained in the main office of the commissioner. While both the petitioner and her counsel were not present at all times thereafter until the verdict was rendered, it appears that one was always present and both of them were present during most of the time. Neither the petitioner nor her counsel expressly waived right to be present when the jury should render its verdict, but neither expressly notified the justice that he or she wished to be present on that occasion. Nothing in the record indicates an implied waiver of the petitioner or her counsel to be present upon rendition of verdict.

The jury did not deliberate long. When the verdict had been arrived at one of the members of the jury came to the door of the room leading into the justice's main office and said some word or made some sign to the justice who thereupon went into the jury room without notifying or attempting to notify the petitioner or her counsel or anyone else that the jury had arrived at a verdict. It may be that the justice did not know that a verdict had been so arrived at when she went into the jury room, but in any event after the justice entered the jury room she was informed that a verdict had been arrived at and the verdict was delivered to her. Shortly thereafter, at the suggestion or upon inquiry of one of the jurors, the justice discharged the jury, no one but the justice and the members of the jury being then present.

It appears that not until after the jury was discharged and some of them had left the room did the petitioner or her counsel know that the verdict had been delivered. Petitioner's counsel made protest and filed, first, motion in arrest of judgment, and, second, motion to set aside judgment, both of which were denied. Thereupon, petitioner's counsel also gave oral notice of appeal and appeal was taken to the district court. The transcript on appeal was filed in the district court on August 18th.

It is urgently insisted by counsel for the petitioner that the judgment is a nullity because the verdict was not rendered and delivered in accordance with the provisions of law, and therefore any judgment based upon it is void.

Compiled Laws of Alaska 1933, in the chapter entitled, "Criminal Actions in Justices' Courts", contains explicit provision with respect to the rendition of judgment in a justice's court. Section 5691 reads as follows: "When the jury have agreed upon a verdict they must deliver the same to the justice *publicly,* who shall enter it in his docket." (Italics supplied.)

It is suggested by petitioner's counsel that other provisions of law govern in such cases. In Compiled Laws of

Alaska 1933, also embraced in the same chapter, section 5678 provides as follows: "A criminal action in a justice's court is commenced and proceeded in to final determination, and the judgment therein enforced, in the manner hereinbefore provided, except as in this chapter otherwise specially provided."

In the chapter of our code making provision for the conduct of criminal trials in the district court we find the following: "Sec. 5339. When the jurors agree upon their verdict they must be conducted into court by the officer having them in charge; and before the verdict is accepted, the jury may be polled at the request of either the United States attorney or the defendant."

Accordingly, the petitioner claims to have been deprived of a substantial right by not being given an opportunity to poll the jury. Moreover it is asserted that since admittedly the justice did not call the roll of the jury immediately before the delivery of the verdict there is no positive assurance that every member of the jury was present when the verdict was rendered, although the foreman of the jury, at the hearing in this proceeding, testified that all members of the jury were so present when the verdict was delivered to the justice, and there is no contradictory evidence.

■ Whether or not the provisions of section 5339 above quoted apply to criminal trials in a justice's court in Alaska, it is clear beyond dispute that in the instant case the verdict was not delivered to the justice "publicly" as required by the provisions of section 5691 also set out above. No good purpose would be served by assembling here the various definitions of the word "publicly", for it is plain that as used in section 5691 the lawmakers intended that the verdict should be delivered in a place to which the public at least had access and which was not restricted to the use of the jury and the justice.

■ It has been suggested in argument that the place was a public place and that therefore the verdict was ren-

dered publicly as required by law, but that contention cannot be sustained. It is to be remembered that the room in which the verdict was rendered was then in use as a jury room, that is to say, a room used exclusively by the jury in considering the case and in arriving at a verdict. It would have been an act so grossly improper as possibly to constitute contempt of court for the petitioner or her counsel to enter that room after the case had been finally submitted to the jury except upon the invitation or permission of the court itself. When the justice went into the room and received the verdict the petitioner and her counsel had no means of knowing that a verdict would be delivered or received in their absence and they were obliged to remain outside of the jury room until the justice should throw open the jury room to the public, which should have been done before receiving the verdict of the jury. And so, perhaps by reason of the general agitation occasioned by the news that World War II was at last truly ended, the law which commands that verdicts be delivered publicly was misconstrued or entirely overlooked, and the error was not corrected, and probably could not well have been corrected in the justice's court at a later date.

The question now arises as to the effect of what was done. Petitioner insists that the judgment rendered on the verdict is no judgment at all. The respondent equally firmly insists that if an error was made, the error is one which ought not and cannot be availed of in a habeas corpus proceeding but can be corrected only upon appeal or review, and that the opportunity for correction or relief by appeal is manifest and ample.

We are thus brought forward to the provisions of the laws of Alaska relative to appeals from judgments of justices' courts in criminal actions. The applicable provisions of law are to be found in the chapter entitled, "Appeals in Criminal Actions" and read as follows:

"Sec. 5841. An appeal may be taken from a judgment of conviction given in a justice's court, in a criminal ac-

tion, to the District Court, except when the same is given on a plea of guilty, as prescribed in this chapter and not otherwise.

"Sec. 5842. An appeal may be taken within thirty days from the date of the entry of the judgment by serving a notice upon the district attorney or upon the private prosecutor in the action and filing the original, with proof of service endorsed thereon, with the justice; provided that service and filing of a written notice of appeal may be dispensed with if at the time the decision is rendered or the judgment is entered the aggrieved party gives oral notice in open court, in the presence of the United States attorney, or one of his assistants, or of the private prosecutor, that he appeals to the District Court from the judgment of the justice court. Such notice, so given, shall be entered upon the docket of the justice court."

■ It is to be observed that when an appeal is taken the cause is tried de novo in the district court and thus all errors of every nature which may have occurred in the justice's court are automatically corrected upon the trial in the district court. The new trial in the district court is given as a matter of absolute right and, as indicated in the above-quoted sections of the code, the manner of effecting the appeal is simple and the appeal may be had by giving oral notice in open court in the presence of the United States attorney or one of his assistants or the private prosecutor. In this case the appeal was taken in that fashion, because the record shows that the attorney for petitioner gave oral notice of appeal in open court in the presence of the assistant United States attorney. In any event the appeal was taken and perfected, as asserted and admitted in the briefs of the United States attorney and of counsel for the petitioner, respectively.

While the deviation from law concerning the delivery of the verdict by the jury to the justice was a grave one, in that the verdict was not delivered publicly as the law commands, it does not necessarily follow that the judgment

is void or that the petitioner should be discharged in a habeas corpus proceeding. The record of the trial itself is unimpeachable for nowhere does the record show, nor would it ordinarily show in detail, the exact circumstances under which the verdict was delivered to the justice. The record manifests complete jurisdiction of the person of the defendant and of the subject matter of the action, a sufficient complaint, a lawful impaneling of the jury, a trial by introduction of evidence, and arguments of counsel, all fair and normal in every respect, and the submission of the cause to the jury. As a matter of fact there is not the slightest grounds of even suspicion that the verdict rendered was not the verdict of the jury and of each and every member thereof, or that the verdict was not arrived at fairly and impartially. There is every reason to believe, and no reason to doubt, that if the verdict had been delivered to the justice publicly, or even if the petitioner or her counsel had been permitted to poll the jury, any other result would have been attained than that which we find in the verdict and judgment shown in the record.

The existence of the general rule that a writ of habeas corpus will not be granted where relief may be had or could have been procured by resort to another general remedy, as an appeal, is so well settled as to obviate the necessity of a citation of authority, such as has been supplied so abundantly in the brief of the United States attorney. Therefore it remains to be determined whether the case at bar is one of the exceptional cases which do not come within the general rule. I suggest that it is not.

The relaxation of the general rules of criminal law with respect to misdemeanor cases is illustrated by the provisions of Section 5243 of the Compiled Laws of Alaska 1933, as follows: "When the indictment is for a felony the defendant must be personally present at the arraignment, but if it be for a misdemeanor only, and the defendant has been held to answer to the charge, his personal appearance is unnecessary, and he may appear by counsel."

■ That the defendant may waive right to be present in person or by counsel upon delivery of the verdict of the jury does not admit of argument. State v. Waymire, 52 Or. 281, 97 P. 46, 21 L.R.A.,N.S., 56, 132 Am.St.Rep. 699.

While Blackstone is silent on the precise point, we have the authority of the Supreme Court of Illinois that under the common law the verdict in a misdemeanor case may be received in the defendant's absence, no mention being made of waiver, as indicated by excerpt from the opinion quoted below: "The verdict was rendered in the absence of the defendant and his attorney, and this is the ground of an assignment of error. According to the common law, a defendant accused of a misdemeanor may be found guilty in his absence. In Holliday v. People, 4 Gilman 111, the defendant was found guilty of administering poison to procure an abortion, and the verdict of guilty was found in his absence. The jury fixed the time of imprisonment in the penitentiary at one month, and the court, in addition, imposed a fine of $100. The offense charged in the indictment being a misdemeanor only, it was decided that there was no occasion for his presence and no error was committed." People v. Brown, 273 Ill. 169, 112 N.E. 462, 464, Ann.Cas.1918D, 772.

Upon the entry of judgment the remedy of the petitioner for any error committed in the trial was simple and at least relatively speedy, namely, the giving of notice of appeal in the presence of the United States attorney or his assistant, and the consequent taking of the appeal to the district court. In the district court all of the errors which may have been committed during the course of the trial in the lower court are necessarily completely washed away, because in the district court the petitioner is bound to have a completely new trial and the same type of fair, impartial trial as though she had never been tried upon the charge before anywhere. It is objected that in order to obtain a stay of the judgment given in the justice court it was necessary for the petitioner, under the law, to give the un-

dertaking of bail for stay of proceedings which the law requires and that by reason of the increase in the amount of bail ordered by the justice after judgment from $500 to $2,500, the petitioner was not able to furnish a bail bond for such stay of proceedings. The answer to this contention is that since perfection of the appeal on August 18th (the date of hearing on the petition herein), the district court has had jurisdiction to reduce or modify the amount of the bond required as justice may require. The record shows that the bail of the petitioner in this proceeding has been fixed at the sum of $500, that suitable bond has been furnished and the petitioner has been discharged from custody.

A case so similar in principle as to be virtually controlling was considered first by the District Court for the Fourth Division, Territory of Alaska, and on appeal by the Circuit Court of Appeals for the Ninth Circuit. It is United States v. Oates, 1932, 61 F.2d 536, 5 Alaska Fed. 677.

In that case the district court in a habeas corpus proceeding discharged the petitioner who had been convicted of a misdemeanor in the court of a commissioner and justice of the peace at McGrath, Alaska. The district court held that the judgment of the justice was void, in that the jury in the justice's court had been drawn in accordance with section 2528, Compiled Laws of Alaska 1913, providing that the jurors must be selected by the United States marshal or a deputy (called by opponents of the practice a "hand-picked" jury), and not in accordance with a later act, chapter 100 of the Session Laws of 1931, which provides that jurors for trial of a criminal action in the justice's court must be drawn from a box containing the names of four-fifths of all persons residents of the "commissioner's district" who voted in such district at the last preceding general territorial election, and thus the jurors are chosen by lot or chance from the body of the district. It seems clear that section 2528 had been repealed long before the trial was had in the justice's court and that

chapter 100 of the Session Laws of Alaska 1931, governed. Moreover the 1931 act provides:

"No case, either civil or criminal, shall be tried in any of the Courts of the Territory of Alaska, except in accordance with the provisions of this Act, and any violation of the provisions of this Act is hereby declared to be reversible error." Sec. 10, Ch. 100, Session Laws of Alaska, 1931.

The authoritative nature of the case is such that the following extended quotation from the opinion is given:

"Conceding, for the purpose of the question presented on this appeal, that the commissioner, as ex officio justice of the peace, committed error in the manner of impaneling and selecting the jury which convicted the petitioner, it was an error committed within and not in excess of his jurisdiction. The remedy was by appeal or writ of error, and not by habeas corpus.

"In appellant's brief appears the statement that 'but one decision' was found 'in which the judgment of a Justice of the Peace is attempted to be reviewed by a writ of habeas corpus, and that is in Ex parte Winston, 9 Nev. 71,' and the following from the opinion is quoted:

" 'In the case under consideration, the justice of the peace has not exceeded his jurisdiction. By the express provisions of the statute, * * * the justice of the peace · has original jurisdiction of the subject matter. It was his duty to decide whether or not the law of 1861 had been repealed by implication or otherwise. In no other way could the question be raised. Such was the subject matter with which he had to deal. That he had jurisdiction to determine this question cannot be denied. Such being the fact, his judgment may be erroneous but it cannot be void. If the justice erred, petitioner has his remedy by appeal to the district court. The judgment of the justice is conclusive until reversed. It cannot be reviewed upon habeas corpus.'

"While the Winston case, opinion by Justice Hawley, who later became United States District Judge, is one of the first, if not the first, case dealing with the question as applied to inferior courts of limited jurisdiction, and has been widely cited as an authority on the limitations of proceedings in habeas corpus generally, the same question was shortly thereafter presented to the same court in the case of Ex parte Edgington, 10 Nev. 215. The opinion in the latter case was by Justice Beatty, who later as Chief Justice of the Supreme Court of California, concurred in two opinions in which relief by habeas corpus was held to be inapplicable in cases where a justice court in one instance and a police court in another had denied demands for a trial by jury, the charge in each case being a misdemeanor. Ex parte Miller, 82 Cal. 454, 22 P. 1113; In re Fife, 110 Cal. 8, 42 P. 299.

"In the Fife case, last cited, the court quotes with approval the following excerpt from the case of Ex parte Miller, supra: 'The offense charged was not a felony, and a jury might have been waived. The return of the officer to the alternative writ shows a valid commitment by a court having jurisdiction of the subject-matter and of the party. If a jury trial was denied, it was mere error which could not be reached by a writ of habeas corpus.'

"In the case of In re Newcomb, 56 Wash. 395, 105 P. 1042, 1043, the Supreme Court of Washington, opinion by Chief Justice Rudkin, late senior Circuit Judge of this Circuit, considering the question on habeas corpus of alleged irregularity in the selection of a jury in the superior court, said: 'Errors and irregularities such as those complained of cannot be inquired into or corrected on an application of this kind. * * * "A habeas corpus is not a writ of error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it. On a habeas corpus, the judgment of even a subordinate court cannot be disregarded, reversed, or set aside, however clearly we may perceive it to be er-

roneous, and however plain it may be that we ought to reverse it if it were before us on appeal or writ of error. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision. We decided this three years ago at Sunbury, in a case which we all thought one of much hardship; but the rule is so familiar, so universally acknowledged, and so reasonable in itself, that it requires only to be stated." Williamson's Case, 26 Pa. 9, 67 Am.Dec. 374; Ex parte Winston, 9 Nev. 71.'

"See, also, In re Wilkins, 7 Okl.Cr. 422, 115 P. 1118, 1120; Barton v. Saunders, 16 Or. 51, 16 P. 921, 8 Am. St.Rep. 261; Gillenwaters v. Biddle, 8 Cir., 18 F.2d 206, 207; 29 C.J. 48.

"Order reversed."

Surely, if in that case it was error to declare void conviction and to discharge on habeas corpus a prisoner convicted by a jury, because the jury had been selected by a marshal or a deputy marshal at his own discretion under no law at all, and in complete disregard of an existing law calculated to provide for fair and impartial juries, it would be error multiplied to discharge the petitioner in this case where the only departure from law was of character much less serious in import or in probable consequences. In the instant case as in the case of Oates, the error was "an error committed within and not in excess of his (the justice's) jurisdiction." And the remedy is "by appeal or writ of error, and not by habeas corpus."

Several cases involving the use of habeas corpus proceedings have come before the Supreme Court in recent years. In one of them jurisdiction to give judgment in a criminal case was questioned upon the ground that the National park in which the offense was alleged to have been committed was not under the jurisdiction of the United States. From the opinion in that case, on the subject of the general use of habeas corpus, the following is

quoted: "Where the district court has jurisdiction of the person and subject matter in a criminal prosecution, the writ of habeas corpus cannot be used as a writ of error. The judgment of conviction is not subject to collateral attack." (Opinion by Chief Justice Hughes.) Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 444, 83 L.Ed. 455.

While there is some language in the opinion of the Supreme Court in the case of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, which, standing alone, might be construed as sustaining the views of petitioner's counsel in this case, a careful reading of the entire opinion, given by Justice Black, will show that in that case the petitioner claimed to have been deprived of the unquestioned constitutional right to assistance of counsel for his defense, and that by reason of such deprivation there was no practicable manner in which the error could have been corrected except through habeas corpus; and that if an appeal had been actually pending wherein the petitioner in that case could have had a trial de novo, the Supreme Court would necessarily have ordered the petition for writ of habeas corpus dismissed.

The true rule is succinctly stated by the Supreme Court in a per curiam opinion given in the case of Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 966, 86 L.Ed. 1302, decided in 1942, from which the following is taken: "The issue here was appropriately raised by the habeas corpus petition. The facts relied on are dehors the record and their effect on the judgment *was not open to review and consideration on appeal.* In such circumstances the use of the writ in the federal courts to test the constitutional validity of a conviction for crime is not restricted to those cases where the judgment of conviction is void for want of jurisdiction of the trial court to render it. It extends also to those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, *and where the writ is the only effective means of preserving his rights.*" (Italics supplied.)

We are thus virtually forced to the conclusion that where the facts relied upon by the petitioner in a habeas corpus proceeding are "open to review and consideration on appeal" and where the writ is not "the only effective means of preserving" petitioner's rights, then the writ of habeas corpus should not be used. In the instant case we have just those circumstances, namely, all errors committed in the justice's court will be corrected on appeal, and the writ is not the only effective means of preserving the petitioner's rights. Add to those considerations the undisputed facts that the justice's court had jurisdiction of the person of the defendant and of the subject matter.

The petition must be denied and the proceeding dismissed.